## BLACKMAN *v.* SIMPSON.

FALSE IMPRISONMENT—JOINT TORT FEASORS—DIVIDED ACTION— SATISFIED JUDGMENT AS BAR.

A satisfied judgment for plaintiff in an action of false imprisonment against the complaining witness, the magistrate, and the constable, in which the declaration alleged the continuance of the imprisonment until a delivery by the constable to the sheriff, is a bar to a subsequent suit against the sheriff, upon substantially the same state of facts, for the continuance of the false imprisonment until the evening of the next day.

Error to Grand Traverse; Corbett, J. Submitted May 10, 1899. Decided June 5, 1899.

Case by William Blackman against Oscar Simpson for false imprisonment. From a judgment for defendant, plaintiff brings error. Affirmed.

*Underwood & Umlor*, for appellant.

*Pratt & Davis*, for appellee.

Moore, J. · The plaintiff brought this action against defendant to recover for false imprisonment. The circuit judge rendered judgment in favor of defendant. The plaintiff brings error.

July 24, 1897, James Days made a complaint against the plaintiff before Mr. Chase, a justice of the peace. The justice issued a process for the arrest of the plaintiff. It was placed in the hands of Mr. Wyckoff, a constable, who arrested the plaintiff, and brought him before the magistrate, where such proceedings were had that the magistrate issued a commitment to the constable, who took the plaintiff about 20 miles to the county jail, and delivered him, at 8 o'clock on the morning of July 25th, to the sheriff, the defendant in this case. The sheriff had plaintiff in custody until about 5 o'clock the next day, when he was discharged. It is conceded the proceedings before the magistrate were void. In December, 1897, the plaintiff sued the complaining witness, the magistrate, and the constable in an action of false imprisonment. He filed a declaration in the case, in which the foregoing facts were set up, and stated the false imprisonment continued until about 8 o'clock on the morning of July 25th, and that, because of these acts, he had been damaged in reputation, and disgraced among his neighbors and other citizens, and suffered great anxiety and pain of body and mind, and that he had been hindered about his business for a long time, to wit, "for the space of two days, and the plaintiff has been and is greatly injured by the said premises in his good name, fame, credit, and reputation on and by reason of the stigma cast upon him by said illegal, unjust, and unwarrantable and void proceedings and false imprisonment inflicted on him, as aforesaid, by the defendants, and each of them, whereby the said plaintiff says he has sustained damages, and is damaged and injured, to the amount of five thousand dollars, and therefore he brings suit," etc. The plaintiff recovered a judgment, which was paid in full to the clerk of the court, and by him to the plaintiff.

After this payment was made, the plaintiff commenced this suit for false imprisonment against Oscar Simpson, who was the sheriff at the time plaintiff was detained in the jail. In his declaration he set up substantially the same state of facts that he had narrated in the former declaration. In addition thereto, he stated he was imprisoned by defendant from about 8 o'clock on the morning of July 25th, and that the false imprisonment perpetrated by defendant continued until about the hour of 5 o'clock in the evening of July 26th. He claimed, as the result of said false imprisonment, he had been damaged in reputation, and disgraced among his neighbors, and suffered anxiety and pain of body and mind, and been hindered in his business for a long space of time, to wit, "for the space of four days, and the plaintiff has been and is greatly injured by the said premises in his good name, fame, credit, and reputation on and by means of the stigma cast upon him by said false imprisonment inflicted on him, as aforesaid, by the said defendant, whereby the plaintiff says he has sustained damages and is injured to the amount of five thousand dollars, and therefore he brings suit." The defendant pleaded the former suit, judgment, and satisfaction thereof in bar to this suit. The circuit judge held the plea to be good. It is the claim of the plaintiff that, as in the first case he stated the false imprisonment continued until 8 o'clock on the morning of July 25th, while in this case he stated it commenced at that time, and continued until 5 o'clock in the evening of the next day, and as the sheriff had nothing to do with him prior to 8 o'clock of July 25th, there are two causes of action, and the second one is not affected by what was done in the first.

It may, perhaps, be doubted whether the sheriff could be made liable for what occurred before the plaintiff was brought to him; but can it be doubted that t e complain-ing witness, magistrate, and constable could be held for the results of their acts? If plaintiff suffered anxiety and pain of body and mind, and disgrace, and a stigma at

tached to his good name, must he be limited in his recovery of damages, in the first trial, to what occurred in these respects prior to 8 o'clock on the morning of July 25th? How would the jury decide what he suffered before, and what after, 8 o'clock, in his reputation and injury to business? As the proceedings from the inception are admitted to be void, there can be no doubt the parties to the first suit were joint wrong-doers, not only as to what occurred prior to 8 o'clock, but during the entire time of the false imprisonment, and the plaintiff could have recovered against them his entire damages.

"The law permits all the wrong-doers to be proceeded against jointly. It also leaves the party injured at liberty to pursue any one of them severally, or any number less than the whole, and to enforce his remedy, regardless of the participation of the others. While the wrong is joint, it is also, in contemplation of law, several. * * * The officer who serves a void writ is not the less an individual wrong-doer because of the magistrate being liable for having issued it. And, while in such cases the person injured may pursue all, so he may pursue any number of those who are legally chargeable with the wrong. If one is sued alone, it is no defense to him that others are not brought in to share the responsibility. If all are sued, one cannot excuse himself by showing the insignificance of his participation, as compared with that of others. * * * Nor, after suit is brought, can there be any apportionment of responsibility, whether the suit be against one or against all. Each is responsible for the whole, and the degree of his blamableness * * * is immaterial." Cooley, Torts (2d Ed.), 153.

There can be no doubt plaintiff might have recovered all his damages in the first suit, and we have no means of knowing he did not.

In the false-imprisonment case of *Thompson* v. *Ellsworth*, 39 Mich. 719, Justice GRAVES said:

"It is a principle of general application, in actions against wrong-doers, that the plaintiff may recover, by way of damages, at least all that he has lost up to the commencement of the suit through the wrongful act for which the defendant is sued (*Rundle* v. *Little*, 6 Q. B.

178); and it is also a general rule of law that damages resulting from one and the same cause of action must be assessed and recovered once for all, and that actions cannot be repeated from day to day, as the diurnal effects of the one original wrong happen to mature."

The authorities are not agreed whether the bringing of a suit against one will prevent bringing a second suit against others. Some of them hold the bringing of the first suit is an election, which will preclude the bringing of other suits. See 2 Black, Judgm. § 780. Justice Kent stated the rule to be that the party injured may bring separate suits against the wrong-doers, and proceed to judgment in each, and that no bar arises as to any of them until satisfaction is received. *Livingston* v. *Bishop*, 1 Johns. 290 (3 Am. Dec. 330). This is the prevailing doctrine in this country. Cooley, Torts (2d Ed.), 159. If the several judgments vary in amount, the plaintiff may elect to take the larger sum, or, if all the defendants are not solvent, he may elect to proceed against the solvent party; but the authorities are all agreed that the satisfaction of any particular judgment will release the other wrong-doers. *Power* v. *Baker*, 27 Fed. 396; Cooley, Torts (2d Ed.), 159; 2 Black, Judgm. § 782.

The plaintiff having sued three of the four wrong-doers in an action in which he might have recovered all his damages, in which action he recovered a judgment which has been paid and received by him, he cannot recover against the fourth wrong-doer.

The judgment is affirmed.

The other Justices concurred.