[S. F. No. 1779.   Department One.—January 9, 1900.]

HENRY GRUNDEL, Administrator, etc., Appellant, v. UNION IRON WORKS et al., Respondents.

TORTS—TORT FEASORS JOINTLY AND SEVERALLY LIABLE—SEVERAL JUDG-MENTS—SATISFACTION.—The liability of tort feasors for the same tort is joint and several. They may be sued jointly in one action, or severally in different actions, and several judgments may be rendered either in several actions or in a joint action. No bar arises by the mere rendition of several judgments, or until satisfaction in some form is received, or what in law is deemed an equivalent.

ID.—ACTION FOR DEATH—INJURY UPON GANG PLANK OF VESSEL—LIMITED LIABILITY OF OWNERS—FEDERAL PROCEDURE—SEVERANCE OF ACTION—IMPROPER DISMISSAL.—In an action for death caused from an injury received by reason of an insecure gang plank extending between a schooner and a wharf, by the wrongful act of several defendants, including the owners of the vessel, the fact that such owners availed themselves in the United States district court of the limited liability fixed by the federal statutes, and that the plaintiff appeared therein to claim damages to the extent of the appraised value of the vessel, does not preclude his right to proceed in the superior court against the other defendants, while the proceeding was pending in the federal court; and it was error for the superior court to dismiss the action as to the other defendants, because of such federal proceeding, the plaintiff not having received satisfaction, or the equivalent thereof, in any amount.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, for Appellant.

The court erred in dismissing the action. The liability of the defendants as tort feasors is joint and several, and there may be several actions or proceedings, and several judgments;

and there can be no bar until satisfaction is shown.  (2 Black on Judgments, sec. 777; Cooley on Torts, 136, 137,159,160; *Urton v. Price*, 57 Cal. 270; *Nichols v. Dunphy*, 58 Cal. 605, 607; *Dawson v. Schloss*, 93 Cal. 195, 199; *Butler v. Ashworth*, 110 Cal. 614, 618; *Livingston v. Bishop*, 1 Johns. 290; 3 Am. Dec. 330.)

Wilson & Wilson, for Respondent Union Iron Works.

The surrender of the vessel, or the giving bond in lieu thereof, satisfied the claim of plaintiff against the owners.  (U. S. Rev. Stats., secs. 4283-89; *Norwich Co. v. Wright*, 13 Wall. 105; *Walker v. Transportation Co.*, 3 Wall. 150.)  A release of one joint tort feasor releases all.  (*Chetwood v. California Nat. Bank*, 113 Cal. 426 et seq.; *Turner v. Hitchcock*, 20 Iowa, 310; *McGehee v. Shafer*, 15 Tex. 198; Cooley on Torts, 139.)

Andros & Frank, for other Respondents.

VAN DYKE, J.—The plaintiff brings this action under section 377 of the Code of Civil Procedure of this state, as administrator of the estate of Frank Grundel, deceased, to recover damages on account of the death of the latter, occasioned by the wrongful acts of the defendants.  Eighteen defendants were named in the complaint, five of whom are fictitious, and no person appeared or answered in their name.  The corporation defendant answered separately, and the twelve other defendants, represented by other attorneys, also appeared and answered. Nine of these twelve subsequently filed a supplemental answer setting forth that they were the owners of the schooner "Gracie S," on or about which the injury occurred, and had made application in the United States district court of the northern district of California for limitation of liability under the provisions of the Revised Statutes of the United States in reference to American merchant marine, and that upon filing their petition in said court a monition was issued in the usual form and served upon the plaintiff and his attorneys, and all persons claiming damages resulting from the accident mentioned in the plaintiff's complaint; and the said court enjoined plaintiff from any further proceedings in the suit in the superior court against the nine defendants claiming to be the owners of said vessel.  An appraisement of the schooner was made, the value being fixed

at twelve thousand five hundred dollars. The plaintiff filed his answer in the United States district court to the petition of said nine defendants, but said cause has never been tried in the admiralty court, and is still pending.

The plaintiff made no further attempt to proceed in the superior court against the alleged owners of the vessel, but as to the other defendants who had appeared, to wit, the Union Iron Works, Barber, Castle, and Swanson, the plaintiff elected to proceed to trial in the said court. The case was regularly on the calendar of the superior court for trial December 2, 1897, whereupon the defendant the Union Iron Works, moved the court to dismiss the action as to it, on the ground that nine of the defendants had instituted proceedings in the federal court for limitation of liability, and that said defendant Union Iron Works was sued as a joint tort feasor with said nine defendants in whose behalf the restraining order had been issued against the plaintiff from proceeding to trial. The court took the motion under advisement, and the trial of the action was continued till April 4, 1898, at which time plaintiff endeavored to proceed with the trial as to said defendants other than the nine who were the owners of said vessel. The Union Iron Works thereupon renewed its motion to dismiss the action upon the grounds stated, and said defendants Barber, Castle, and Swanson, also on the same grounds, moved to dismiss the action. The court granted the motion of said four defendants, and a judgment of dismissal was accordingly entered. The appeal is from this judgment of dismissal, on a bill of exceptions.

The question presented on the appeal is whether the plaintiff, with a cause of action, alleged in the complaint to be for fifty thousand dollars damages, is barred from recovery of a proper measure of damages as against the respondents herein, in consequence of the proceedings in the federal court by the nine defendants, the owners of said vessel, in which their liability is limited to the appraised value of said vessel.

The plaintiff has not actually received satisfaction in any amount, nor what in law is deemed the equivalent of satisfaction.

The law as to the liability of joint tort feasors is thus stated by Black on Judgments: "The general rule followed in America

is that the liability of two or more persons who jointly engage in the commission of a tort is joint and several, and gives the same rights of action to the person injured as a joint and several contract. Consequently, a judgment recovered against one of two joint tort feasors, remaining unsatisfied, is no bar to an action against the other for the same tort." (2 Black on Judgments, sec. 777.) Judge Cooley, in his work on Torts, second edition, 159, says: "The rule laid down by that eminent jurist, Kent, in *Livingston v. Bishop*, 1 Johns. 290, 3 Am. Dec. 330, which has since been generally followed in this country, is that the party injured may bring separate suits against the wrongdoers and proceed to judgment in each, and that no bar arises to any of them until satisfaction is received. . . . . It is to be observed in respect to the point above considered, where the bar accrues in favor of some of the wrongdoers, by reason of what has been received from or done in respect to one or more of the others, that the bar arises, not from any particular form that the proceeding assumes, but from the fact that the injured party has received satisfaction, or what in law is deemed the equivalent." In *Dawson v. Schloss*, 93 Cal. 199, the plaintiff had recovered a judgment in the sum of five thousand dollars against Schloss and Hinkle in an action for malicious prosecution. A new trial was granted as to defendant Schloss, which resulted in a verdict and judgment against Schloss for three thousand dollars, and he appealed from the judgment. At the time of the second trial the original judgment for five thousand dollars against Hinkle was of record and unsatisfied. It was contended by the appellant that no judgment should have been rendered against Schloss on the new trial, so long as the original judgment existed against Hinkle; that while separate suits may be brought against each of joint tort feasors, yet that, if the defendants are sued jointly, there can be but one verdict and judgment. This court answered this contention that "such is not the prevailing rule in the United States." (Quoting from Judge Cooley the above-cited paragraph.) The court, continuing, says: "There is no pretense that any part of the judgment against Hinkle has been paid or satisfied, or even that execution has been taken out upon the judgment." *Nichols v. Dunphy*, 58 Cal. 605, was an action in tort. A judgment had

been obtained against defendants. One of the defendants appealed and secured a reversal of the judgment. Thereupon the other defendant against whom execution had been taken out moved for an order quashing the execution. That motion was granted on the theory that there could not be a several judgment when the action had been joint. Discussing the action of the court below this court says: "We think the court erred in quashing the execution against Carmen. The judgment against her was unaffected by the appeal of her codefendant and the subsequent proceedings thereon." In *Butler v. Ashworth*, 110 Cal. 614, it is said: "If one be injured by a tortious act, he is entitled to compensation for the injury suffered, and, if several persons are guilty in common of the tort, the injured one has his right of action for damages against each and all of the joint tort feasors, and may at his election sue them individually or together." In case one of the wrongdoers has become bankrupt or insolvent, the effect as to him would be to limit the liability to the available assets of his estate, which might be merely nominal. His bankruptcy proceeding, however, would not have the effect of discharging the solvent wrongdoers. Nothing short of satisfaction in some form constitutes a bar in a proceeding like the present.

The judgment is reversed and the cause remanded.

Harrison, J., and Garoutte, J., concurred.