EUGENIA M. WELLS

*vs.*

ARTHUR L. GOULD AND HARVEY HOWARD.

Androscoggin.      Opinion, April 28, 1932.

*Fred H. Lancaster,*
*Locke, Perkins & Williamson,*
*Sanford Fogg, Jr.,* for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

STURGIS, J.   In this action on the case against two physicians for malpractice, a verdict was directed for the defendants and the case comes forward on exceptions.

The material facts in the case made by the bill of exceptions are that on August 31, 1930, the plaintiff was injured in a collision between an automobile she was driving and a car operated by one Irene Marston, against whom she later brought suit for negligence and recovered judgment. Satisfaction of that judgment was entered upon the records of the Trial Court. Immediately after this collision, the defendants in this action, who are physicians practicing their profession in copartnership, were employed by the plaintiff, or her husband in her behalf, to care for her injuries. In the course of their treatments one of them advised the use of electricity, and, at his direction, a nurse in their employ attached an electrical appliance to the plaintiff's chest. It is here claimed that, through the negligent operation of the appliance by the nurse, the plaintiff was burned and is entitled to recover damages therefor from the physicians.

The defendants pleaded the judgment entered for the plaintiff in her original action and its satisfaction, and in support of this defense, introduced certified copies of the plaintiff's declaration in that suit and an entry of "Judgment for plaintiff $600. Judgment satisfied." No attempt is made to impeach or explain this evidence.

It is the duty of a person injured through the negligence of an-

other to use reasonable diligence in securing medical or surgical aid and, if he exercises due care in the selection of a physician or surgeon, their negligence, mistakes or lack of skill, which aggravate or increase his injury, are regarded by the law as a part of the original injury, for which the original wrongdoer is responsible. *Andrews* v. *Davis*, 128 Me., 464; *Hooper* v. *Bacon*, 101 Me., 533; *Stover* v. *Bluehill*, 51 Me., 439.

As a corollary of this general rule, we find it held that a settlement with and release of all rights to recover against the original tort-feasor by the injured person operates as a bar to another action for malpractice against the physician or surgeon who treated and aggravated the injury. *Andrews* v. *Davis*, supra; *Purchase* v. *Seelye*, 231 Mass., 434; *Guth* v. *Vaughan*, 231 Ill. App., 143; *Martin* v. *Cunningham*, 93 Wash., 517; *Hooyman* v. *Reeve*, 168 Wis., 420; *Retelle* v. *Sullivan*, 191 Wis., 576.

The result is the same, we think, when the injured person brings suit on his claim against the original wrongdoer and receives satisfaction of his judgment. His cause of action there is single and indivisible and includes all damages which naturally result from the original injury or any part of it. Freeman on Judgments, Sec. 241; *Hubbard* v. *M. H. & E. Co.*, 105 Me., 384; *Trask* v. *H. & N. H. Railroad Co.*, 2 Allen (Mass.), 331. His acceptance of satisfaction of the judgment recovered has the same effect as a release. It extinguishes his cause of action against other tort feasors liable for the same injury and bars action against them. *Mitchell* v. *Libbey*, 33 Me., 74; *Luce* v. *Dexter*, 135 Mass., 23; *Grimes* v. *Williams*, 113 Mich., 450; *Livingston* v. *Bishop*, 1 Johns. (N. Y.), 290; *Fitzgerald* v. *Campbell*, 131 Va., 486; Cooley on Torts, 138; Notes, 27 A. L. R., 805, 92 A. S. R., 885. This is true though the wrongdoers are severally, rather than jointly, liable for the injury. *Cleveland* v. *Bangor*, 87 Me., 259, 264, 265.

It is unnecessary to pass upon the negligence of the nurse who applied electricity to the plaintiff or the defendants' liability therefor. In the eyes of the law, the plaintiff's cause of action here sued upon has been extinguished. The defendants were entitled to a verdict.

*Exception overruled.*