GORDON E. ADAMS, PLAINTIFF, v. LEON DeYOE, DEFENDANT.

Decided January 25, 1933.

For the plaintiff, *Coult, Satz & Tomlinson* (*John J. Francis,* of counsel).

For the defendant, *Colie & Colie* (*Runyon Colie,* of counsel).

PORTER, S. C. C. The plaintiff, Gordon E. Adams, was injured in an automobile accident on July 20th, 1930. His left arm was fractured. He brought suit in the New Jersey Supreme Court against Frank J. Billiams, the owner and driver of the automobile, charging negligence. He engaged Dr. Leon DeYoe, the defendant, a physician and surgeon, to perform an operation for the reduction of the fracture of his arm. After the last treatment given him by Dr. DeYoe, the plaintiff entered into a settlement with Billiams of his cause of action, executed a general release, and discontinued the suit.

The plaintiff then instituted this suit at bar against Dr. DeYoe for damages claimed because of malpractice in the operation and treatment of his arm. The defendant sets up as a defense the general release given to Billiams as a bar to the plaintiff's right of action in this suit.

The plaintiff moves to strike out this defense on the grounds that the motorist and physician are not joint tort feasors, that no privity exists between the motorist and the

physician, and that the release to the motorist is no bar to this action against the physician.

There seems to be no case in this state directly in point. After a consideration of numerous cases in other jurisdictions, I have concluded that the original tort feasor is responsible and that a general release given him under the facts in this case is a bar to an action against the physician. .

A case directly in point is *Wells* v. *Gould* (*Me.*), 160 *Atl. Rep.* 30. The pertinent language of the court there is:

"It is the duty of a person injured through the negligence of another to use reasonable diligence in securing medical or surgical aid, and, if he exercises due care in the selection of a physician or surgeon, their negligence, mistakes, or lack of skill, which aggravate or increase his injury, are regarded by the law as a part of the original injury, for which the original wrong-doer is responsible.

"As a corollary of this general rule, we find it held that a settlement with, and release of, all rights to recover against the original tort feasor by the injured person operates as a bar to another action for malpractice against the physician or surgeon who treated and aggravated the injury."

Other cases in point are *Martin* v. *Cunningham* (*Wash.*), 161 *Pac. Rep.* 355; *Hooyman* v. *Reeve* (*Wis.*), 170 *N. W. Rep.* 282; *Purchase* v. *Seelye* (*Mass.*), 121 *N. E. Rep.* 413; *Retelle* v. *Sullivan* (*Wis.*), 211 *N. W. Rep.* 756; *Guth* v. *Vaughan*, 231 *Ill. App.* 143; *Edmondson* v. *Hancock* (*Ga.*), 151 *S. E. Rep.* 114; *Keown* v. *Young* (*Kan.*), 282 *Pac. Rep.* 511; *Smith* v. *Mann* (*Minn.*), 239 *N. W. Rep.* 223; *Phillips* v. *Werndorf* (*Iowa*), 243 *Id.* 525; *Feinstone* v. *Allison Hospital* (*Fla.*), 143 *So. Rep.* 251.

The motion will therefore be denied.

This being the only question involved in the case, it is dispositive of the litigation, and I feel that a judgment should be entered in favor of the defendant.