[Civ. No. 10054.   Second Appellate District, Division Two.—June 21, 1935.]

JOSEPHINE E. BLACK, Respondent, v. E. W. BRING-HURST et al., Appellants.

Walter F. Haas, H. C. Johnston and Gerald E. Kerrin for Appellants.

Edwin J. Miller for Respondent.

WILSON, J., *pro tem.*—This is an appeal from a judgment for damages for fraud in the sale of real property to respondent. The action was brought against Bringhurst and Clanton, the appellants, and Gagnon, Duclos, Evans and Hamilton. Judgment went against all except Evans and Hamilton, who were not served with process. Gagnon and Duclos have not appealed.

Because of appellants' argument that the evidence is insufficient to sustain the judgment against them—that the evidence does not connect them with the fraud—the facts will be stated with more particularity than would otherwise be necessary. At some time prior to the transactions complained of here the respondent purchased a contract for the sale of a lot in Van Nuys from a man who had bought the same through Gagnon, one of the defendants here. She continued to make payments on the contract at Gagnon's office for about a year. Upon the occasion of one of the payments she was followed from Gagnon's office by Evans, who endeavored to persuade her to purchase additional property from Gagnon, representing that he could make her a large profit within a

short time.  Later Evans and Hamilton went to her home and after making further inducements to her persuaded her to go to Gagnon's office, where Duclos, who was Gagnon's office manager, concurred in all that Evans and Hamilton had said to her.  As a result she was prevailed upon to purchase other property at Van Nuys from Gagnon.

The appellants, Bringhurst and Clanton, who owned adjoining tracts of acreage near Artesia, each subdivided his property into small building lots.  After an unsuccessful selling campaign they entered into a contract with Gagnon giving the latter an option to purchase and the exclusive right to sell the property and agreeing to issue contracts to Gagnon, or his assignees, for lots purchased or sold by him, upon receiving a small cash payment.  Subsequently to the respondent's last purchase of Van Nuys property Evans and Hamilton took her to see the Artesia property.  There they all engaged in a conversation with Bringhurst, who at first stated that all of the tract was sold, but later referred to four lots that might be obtained.  These are a part of the property which respondent purchased.  While Bringhurst and Clanton severally owned their respective subdivisions, Clanton allowed Bringhurst, effectively, if not factually, to look after the sales in both tracts, to obtain bank statements of money received from Gagnon's operations, and generally to attend to the business of both.  These and many other facts and circumstances appearing in the record are sufficient to connect the appellants with Gagnon as principals and agent, and the connection between Gagnon, Duclos, Evans and Hamilton is beyond question.  Additionally, Bringhurst brought an action against Gagnon for an accounting of sales made by the latter under the contract between them and obtained a judgment for $3,000 and for cancellation of the contract.  The evidence to a great extent is uncontradicted, and though conflicting as to some matters, fully sustains the foregoing facts.  Gagnon unquestionably was the agent of appellants, Duclos was Gagnon's office manager, Evans' statements to the respondent were confirmed by Duclos, and Evans and Hamilton operated jointly.  Bringhurst's statements made to respondent while they were on the subdivision aided materially in her deception.  It is not necessary to recount the fraudulent statements made to respondent.  It is sufficient to say that the fraud was

gross and that the representations made were known by all parties, excepting the respondent, to be false.

Previously to the commencement of this action the respondent had sued Gagnon, Duclos, Evans and Hamilton for the same fraud. During the trial of that action the contracts between Gagnon and these appellants were introduced in evidence, from which respondent obtained her first knowledge that Bringhurst and Clanton were the owners of the property, and that Gagnon was their agent. She proceeded with the trial of that action and obtained a judgment against Gagnon and Duclos, service of process not having been made upon Evans and Hamilton. That judgment remains unsatisfied. Although the respondent elected to take judgment against Gagnon and Duclos after having knowledge of the liability of appellants, she is not precluded from maintaining the present action, and the judgment in the former action is not a bar to the judgment here. Where there are several joint tort-feasors the injured party may sue all in one action or may maintain separate and successive actions against those who joined in the commission of the injury. (*Butler* v. *Ashworth,* 110 Cal. 614 [43 Pac. 4, 386]; *Grundel* v. *Union Iron Works,* 127 Cal. 438 [59 Pac. 826, 78 Am. St. Rep. 75, 47 L. R. A. 467].) He may not secure more than one compensation for one injury, and if he has obtained two or more judgments in separate actions against different joint tort-feasors, the payment of one judgment will operate as a discharge of the other. (*Butler* v. *Ashworth, supra.*) The respondent's unsatisfied prior judgment against Gagnon and Duclos is not a bar to this action against Bringhurst and Clanton.

By the contracts between appellants and Gagnon the latter was granted an option to purchase and the exclusive right to sell appellants' subdivisions. Gagnon issued contracts to Evans and he assigned the same to respondent. Appellants argue that this arrangement effectively removes them from liability for the fraud perpetrated upon respondent. From the entire record it seems clear that this was a part of an arrangement whereby it was sought to remove the sellers (appellants) as far as possible from the buyers, to make Gagnon solely responsible, and to relieve the appellants of any untoward, but apparently not unexpected, consequence of the scheme to dispose of almost worthless property which they themselves had been unable to sell.

More than two years after the sale of the property to respondent, when she had been pressing Gagnon to fulfill the promises made to her, Gagnon took up the contracts and issued so-called letters of credit to her setting forth the amounts she had paid on the several lots. Appellants assign as error the admission in evidence of these letters of credit. If for no other purpose, they were admissible to show the amounts paid by respondent on the contracts, as she had surrendered her contracts when the letters of credit were issued, and was unable to state the exact amounts paid by her. Other assignments of error in the admission of evidence, as well as questions relating to authority of the agent, and ratification of his acts, are disposed of by our conclusion as to the connection of all of the parties in the fraud.

The evidence sustains the verdict for actual damages. The award of punitive damages is justified by the record and the same is not excessive. It is neither possible nor necessary to recite the evidence contained in the voluminous record. The evidence shows an unconscionable design to entice the respondent, who was an elderly widow with no business experience, into buying property until her funds were exhausted.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 19, 1935.