[Civ. No. 10217. First Appellate District, Division One.—April 12, 1937.]

MAYME BERRY, Appellant, v. H. P. STRUBLE, Respondent.

Clifton Hildebrand, Fred J. Bills and Elwood Murphey for Appellant.

J. Hampton Hoge and Bronson, Bronson & Slaven for Respondent.

THE COURT.—Appeal by the plaintiff from a judgment of nonsuit entered in an action to recover damages for personal injuries.

The injuries grew out of a collision between an automobile, in which the plaintiff was riding, and a car driven by the defendant. The accident occurred on November 9, 1934. The question of defendant's negligence is not involved in the appeal. The evidence shows that the plaintiff received a blow on the leg due to the fact that it came in contact with some part of the car in which she was riding. It was treated by a physician, and on December 5, 1934, the injury appeared to have healed. On December 6, 1934, she and her husband executed a release in writing, which reads as follows:

"RELEASE OF ALL CLAIMS.

"Know all men by these presents that the undersigned does hereby acknowledge the receipt of $181.47, which sum is accepted in full compromise settlement and satisfaction of and as a sole consideration for the final release and discharge of all actions, claims and demands whatsoever that now exist or may hereafter accrue against Dr. H. P. Struble, and any other person, corporation, association or partnership charged with responsibility for injuries to the person and property of the undersigned and the treatment thereof, and the consequences flowing therefrom, as the result of the accident, casualty or event which occurred on or about the 9th day of November, 1934, at or near High street and Hopkins street, Oakland, California, and for which the undersigned claims the above-named persons or parties are legally liable in damages, which legal liability and damages are disputed and denied, and the undersigned warrants that no promise or inducement has been offered except as herein set forth; that this release is executed without reliance upon any

statement or representation by the person or parties released, or their representatives or physicians, concerning the nature and extent of the injuries and/or damages and/or legal liability therefor; that the undersigned is of legal age, legally competent to execute this release and accepts full responsibility therefor, and

"The Undersigned Agrees, as a further consideration and inducement for this compromise settlement, that it shall apply to all unknown and unanticipated injuries and damages resulting from said accident, casualty or event, as well as to those now disclosed.

"Signed and sealed this 6th day of December, 1934, at Oakland, California."

Shortly after the execution of the writing the leg began to swell and abscesses formed. Incisions were made at different times to drain the pus, and the plaintiff remained in bed for several months. Later and up to June, 1935, she was compelled to use a wheel chair, crutches and a cane. During all this period she suffered pain, and at the time of the trial, which was held 14½ months after the collision, her leg, including the ankle, was stiff and hard. She also testified that on account of this condition she is unable to do an ordinary day's work and that standing for any length of time causes the leg to swell. Previous to the accident the leg was normal, and physicans testified that she will be permanently disabled.

She sought to rescind the release on the ground of mistake, namely, that at the time of its execution she was suffering from an unknown injury. No claim is made that its execution was induced by fraud or undue influence, or that she was wanting in mental capacity.

The defendants pleaded the release as a defense to the action, and a motion for nonsuit was made and granted on the ground that, regardless of the attempted rescission, the release was binding and barred recovery.

Plaintiff contends that section 1542 of the Civil Code applies to the facts, and that therefore the release did not extend to the physical conditions which subsequently appeared and of which she was ignorant at the time of its execution.

In *O'Meara* v. *Haiden*, 204 Cal. 354 [268 Pac. 334, 60 A. L. R. 1381], according to the evidence the cause of death

of the injured person was an abscess of the spleen which resulted from a bruise over the abdomen. The injury was apparently superficial, and the attending physician was of the opinion that the injured person had recovered. A general release was executed in this belief. It was held that the release was not a bar as neither party contracted with such an injury in mind and that they acted under a mutual mistake of fact. The release there in question did not, as here, contain a provision that it should apply to "all unknown and unanticipated injuries and damages" resulting from the accident. In *Hudgins* v. *Standard, Oil Co.*, 136 Cal. App. 44 [28 Pac. (2d) 433], the release contained the following provision: " . . . This release extends to all claims of every kind and nature whatsoever, known or unknown, suspected or unsuspected, and all rights under section 1542 of the Civil Code of California are hereby expressly waived." Although it was held that the releases were executed by mutual mistake as to the seriousness and extent of the injury, and that this justified their rescission, it is clear from the decision that the effect of the above clause was not considered.

So in *Gambrel* v. *Duensing,* 127 Cal. App. 593 [16 Pac. (2d) 284], a release from "any and all claims or demands of any nature whatsoever accruing prior to this date, and particularly from all claims and demands arising out of accident . . . " was declared to be within section 1542 of the Civil Code, and one ground for upholding an attempted rescission was a mutual mistake as to the extent of the injuries.

In *O'Meara* v. *Haiden, supra,* the court, apparently with approval, cited *Richardson* v. *Chicago etc. Ry. Co.*, 157 Minn. 474 [196 N. W. 643], wherein it was held that if the injury is known at the time of the settlement the release is binding upon the parties even if unknown and unanticipated consequences result therefrom; but if the injury is unknown, and the parties purport to settle for all injuries sustained, then the release will not be held binding as to the injury which was unknown to the parties at the time of its execution, but that unknown or unexpected consequences resulting from known injuries are not sufficient. Neither in the O'Meara nor the Richardson case did the release expressly mention unknown injuries. There does not appear to be any principle of public policy which, in the absence of fraud or duress, would forbid parties who are laboring under no disability

from releasing for a consideration all claims arising from a particular accident, whether the injuries be known or unknown (2 Pomeroy Equity Jurisprudence, secs. 849, 855; 13 Cor. Jur., Contracts, sec. 399, p. 458). Other things being equal, it would seem to be merely a question of intent, and this, if sufficiently expressed, should be conclusive. Such is the view expressed in the following cases: *Anderson* v. *Oregon Short Line R. Co.*, 47 Utah, 614 [155 Pac. 446]; *Brush* v. *Lehigh Valley Coal Co.*, 290 Pa. 322 [138 Atl. 860]; *Althoff* v. *Torrison*, 140 Minn. 8 [167 N. W. 119]; *Houston* v. *Trower*, 297 Fed. 558; and sec. 1542 does not attempt to limit the right. While there is evidence in the record which, as the defendant claims, tends to show that plaintiff was not suffering from an unknown injury when the release was executed, we prefer to place our decision on the ground that the clear intention of the parties was to compromise and release all claims, known or unknown, growing out of the accident; and this being true, no ground for rescission was shown.

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 10, 1937.