[L. A. No. 18842. In Bank. Aug. 11, 1944.]

EDITH M. ASH, Appellant, v. W. S. MORTENSEN et al., Respondents.

Anne O'Keefe and Ralph C. Curren for Appellant.

Chase, Barnes & Chase, Wm. M. Rains and James W. Brown for Respondents.

GIBSON, C. J.—Plaintiff was injured in an automobile accident and received medical and surgical treatment necessitated thereby. In 1940 she sued Robert Wubben, the negligent motorist, and recovered judgment in the sum of $15,000. Upon payment by Wubben of $5,753.22 the judgment was satisfied of record and plaintiff signed a document releasing him from further liability.

In August, 1941, plaintiff brought the present malpractice action against W. S. Mortensen and W. L. Mortensen, the doctors who treated her injuries. Among other things, it was alleged that defendants negligently treated a fracture of the femur bones by failing to secure them in position, and that, notwithstanding the fact that an X-ray picture showed the bones were out of position, defendants failed to reset them and knowingly permitted them to heal in improper alignment, as a result of which plaintiff's legs were shortened and bowed and their use practically lost to her for life.

In their answers defendants set up the affirmative defense that the judgment, satisfaction of record and release in the first action against Wubben operated to discharge any liability on their part. The issues thus tendered by the answers were separately tried, and the court concluded that the facts pleaded constituted a complete defense to this action. Accordingly, judgment was entered in favor of each defendant, with costs, and this appeal followed.

Plaintiff urges that under general principles of tort law the release of Wubben in consideration of part payment of the judgment against him does not bar this malpractice action against defendants who allegedly were negligent in treating the injuries inflicted by Wubben. Defendants, on the other hand, contend that since a person should not be twice compensated for the same injury and since plaintiff could have recovered compensation for damages resulting from the alleged malpractice in the action against Wubben, the release of Wubben and the satisfaction of the judgment in that action are a complete defense to this action.

It is settled that where one who has suffered personal injuries by reason of the tortious act of another exercises due care in securing the services of a doctor and his injuries are aggravated by the negligence of such doctor, the law regards the act of the original wrongdoer as a proximate cause of the damages flowing from the subsequent negligent medical treatment and holds him liable therefor. (*Dewhirst* v. *Leopold,* 194 Cal. 424, 433 [229 P. 30]; Rest., Torts, § 457; McCormick, Damages, p. 272; note, 39 A.L.R. 1268.) But the fact that plaintiff could have obtained full compensation for all damages in the action against Wubben, the original wrongdoer, does not establish that she has been so compensated. The independent and successive acts of Wubben and defendant doctors, differing in time and place of commission as well as in nature, produced two separate injuries and gave rise to two distinct causes of action. Plaintiff was at liberty to sue Wubben for damages resulting from the original injury alone, and to sue defendants for damages resulting from the additional injury or aggravation, in separate actions; and the order in which such actions might be brought would be immaterial. (See *Parkell* v. *Fitzporter,* 301 Mo. 217 [256 S.W. 239, 243, 29 A.L.R. 1305]; Rest., Torts, § 879, Illus. 3.) The plea of former recovery, therefore, involves a consideration of what the injured party did in fact recover in her action against the original wrongdoer rather than what she could have recovered therein. (*Wheat* v. *Carter,* 79 N.H. 150 [106 A. 602]; *Parkell* v. *Fitzporter,* 301 Mo. 217, *supra*; *Staehlin* v. *Hochdoerfer,* (Mo.), 235 S.W. 1060; *cf. Smith* v. *Coleman,* 46 Cal.App.2d 507 [116 P.2d 133]; *Viita* v. *Dolan* (*Viita* v.

*Fleming*), 132 Minn. 128 [155 N.W. 1077, 1080, Ann. Cas. 1917E 678, L.R.A. 1916D 644].)

█ Defendants insist, however,.that without regard to the evidence introduced in the action against Wubben, and thus without regard to the nature and extent of the recovery therein, the release of Wubben from all liability operated to discharge them from liability for any negligent aggravation of the original injury. In their view, the amount of damages sustained by plaintiff, the sum received as consideration for the release, and the relation between the two, the intention of the parties, and the fact that Wubben and defendant doctors are independent rather than joint wrongdoers, are immaterial. In other words, defendants seek to substitute a rule of law for the factual defense of double recovery. The rule contended for has been adopted in a number of jurisdictions. (*Feinstone* v. *Allison Hospital*, 106 Fla. 302 [143 So. 251]; *Paris* v. *Crittenden*, 142 Kan. 296 [46 P.2d 633]; *Smith* v. *Mann*, 184 Minn. 485 [239 N.W. 223]; *Adams* v. *DeYoe*, 11 N.J.Misc. 319 [166 A. 485]; *Milks* v. *McIver*, 264.N.Y. 267 [190 N.E. 487]; *Tanner* v. *Espey*, 128 Ohio 82 [190 N.E. 229]; *Thompson* v. *Fox*, 326 Pa. 209 [192 A. 107, 112 A.L.R. 550]; *Martin* v. *Cunningham*, 93 Wash. 517 [161 P. 355]; *Mier* v. *Yoho*, 114 W.Va. 248 [171 S.E. 535]; *cf. Wells* v. *Gould*, 131 Me. 192 [160 A. 30]; 112 A.L.R. 553.) But the conclusion that the release of the original wrongdoer releases the attending doctor from liability for malpractice has been reached by treating the independent wrongdoers as joint tort feasors or applying, by analogy, the common-law rule of unity of discharge affecting joint tort feasors. █ The common-law rule of unity of discharge is based on the concept of the unity of a cause of action against joint tort feasors, and its application to the facts of the present case would give the independent tort feasors herein an advantage wholly inconsistent with the nature of their liability. Moreover, the rule contended for by defendants would stifle compromises, favored in the law, inasmuch as the injured person could not effect a settlement with the original wrongdoer without surrendering his separate cause of action against one who, by his independent tortious act, aggravated the injury.

█ A release of a cause of action against a wrongdoer is not a release of a separate or distinct cause of action against

another independent wrongdoer. It follows that the mere release of Wubben from liability did not result in the discharge of the cause of action against defendants. ▇ We are of the opinion that a release of the original wrongdoer should release an attending doctor from liability for aggravation of the injury "if there has been full compensation for both injuries, but not otherwise." (Prosser, *Joint Torts and Several Liability*, 25 Cal.L.Rev. 413, 435; *Wheat* v. *Carter*, 79 N.H. 150 [106 A. 602]; *cf. Smith* v. *Coleman*, 46 Cal.App.2d 507, 513 [116 P.2d 133]; *Wallner* v. *Barry*, 207 Cal. 465, 473 [279 P. 148].)

▇ Defendants next contend that plaintiff has in fact received full compensation for both injuries. They argue, in this respect, that Dr. W. L. Mortensen, appearing as a witness for plaintiff in her action against Wubben, gave testimony concerning injuries which plaintiff now asserts resulted from their negligence and for which she seeks damages in this suit, and that the judgment against Wubben necessarily included an award for damages suffered by reason of malpractice. Even if we assume, for purposes of argument, that in her action against Wubben plaintiff sought to recover all the elements of damages to which she may be entitled, the record does not support the contention that plaintiff has received full compensation for both injuries. The only approximation of fair compensation for all the damages sustained by plaintiff which the record in this case offers is the sum of $15,000, the amount of the judgment against Wubben. Until plaintiff has received money in excess of that figure, there is nothing to show that she has been compensated twice for the same injury. It is undisputed that plaintiff received only $5,753.22, or slightly more than one-third of the amount of the judgment, and, in our opinion, she is entitled to recover from defendants for actual damages suffered by reason of their tortious acts, if any, for which she has received no compensation.

▇ It has been held in some cases involving unliquidated tort demands that the payment of any sum in consideration of the release of one of several joint or independent concurrent tort feasors will be presumed to have been made and accepted as full compensation or satisfaction for the alleged injury. (*Hawber* v. *Raley*, 92 Cal.App. 701 [268 P. 943]; *Flynn* v. *Manson*, 19 Cal.App. 400 [126 P. 181]; *Dwy* v. *Con-*

*necticut Co.,* 89 Conn. 74 [92 A. 883, L.R.A. 1915E 800];
*Masterson* v. *Berlin St. R. Co.,* 83 N.H. 190 [139 A. 753]; see
*Dougherty* v. *California Kettleman Oil Royalties, Inc.,* 13 Cal.
2d 174, 181 [88 P.2d 690]; *cf. Tompkins* v. *Clay St. R.R.,* 66
Cal. 163 [4 P. 1165].) There is also authority to the contrary.
(*McKenna* v. *Austin,* 134 F.2d 659.) But whatever may be
the rule with regard to a settlement with joint or independent
tort 'feasors whose acts concur to produce a single injury, it
does not follow that such presumption should be indulged
where, as here, the injured person's claim embraces separate
injuries caused by independent successive tort feasors and is
liquidated by a judgment against the original tort feasor. The
presumption of full compensation or satisfaction found in the
cited cases must be based on the fact that there is but a single
indivisible injury and that the claim arising therefrom is un-
liquidated. Under the circumstances of this case, it would be
more logical to presume that part payment of the Wubben
judgment represented merely the best obtainable compromise
for the liability of the judgment debtor. (*Cf. McKenna* v.
*Austin, supra,* p. 664.)

■ We do not wish to be understood as holding that in
every case of this kind the question of double recovery is to
be determined solely by reference to the amount awarded in
the first action. The jury's award in the action against Wub-
ben is not binding on defendants or res judicata as to them.
They have the right to show what damage, if any, was actually
suffered by reason of malpractice and to have the jury's award
in this action restricted to the difference between such damage
and any sum already received by plaintiff as compensation
therefor. Defendants, however, successfully objected to an
attempt by plaintiff to introduce evidence of the nature and
extent of the separate injuries caused by the successive wrong-
doers. There was therefore no consideration of the actual
facts, and the record is devoid of evidence from which double
recovery could be inferred.

The judgments are reversed.

Shenk, J., Curtis, J., Carter, J., and Schauer, J., concurred.

TRAYNOR, J.—I concur in the judgment. When plaintiff's
action against Wubben was tried, she was still under the medi-
cal care of the defendants. On the trial of the action one of
the defendants testified with regard to the nature of the in-

jury suffered by plaintiff, the progress of her recuperation until the date of trial, and her prospects for recovery. He stated that plaintiff's right leg had improved enough so that she could put weight on it, but that the fracture of the left leg had not healed as well, because the ends of the bone were not end to end, and that it might be another month or two before there was á callous formation. Unless the hardening took place within that time it would be necessary to use surgery to fasten the ends of the bone with a metal plate and screws. As to the probability of plaintiff's future ability to walk he said: ''In any event, she probably will not be able to walk at all normally with these legs in less than a year's time, from the time of the accident. At that time she may be left with some impairment to her walking.'' Plaintiff contends that the defendants were negligent, on the grounds that they failed to secure the bones in proper position before making the cast, and failed to reset the bones properly after discovering the improper alignment through X-rays. She claims that as a result of this negligence she is not able to walk for more than short distances. The $15,000 judgment, insofar as it took into account plaintiff's impaired physical condition, was based on the expert testimony of one of the defendants; therefore neither defendants' possible negligence nor its possible consequences beyond the complications of the healing process described in the testimony had any influence on the judgment. There is nothing in the record to indicate that plaintiff had any information as to the alleged malpractice when she entered into the agreement with Wubben after the judgment. For the purposes of this appeal it must therefore be assumed that at the time of the trial of her action against Wubben and of her agreement with him, plaintiff was ignorant of any negligence of the defendants and acted on the advice received from the defendants as her physicians.

If the improper alignment of the bones in the left leg was a consequence of defendants' negligence, it was also a consequence of the accident which the jury could properly consider in reaching its verdict, since defendants' testimony revealed plaintiff's aggravated condition. Other consequences of defendants' alleged negligence, however, such as the alleged failure to reset the bones properly, were not considered on the trial, and the $15,000 judgment therefore does not fully reflect the injury allegedly caused by negligence of the defendants.

Any injury caused by malpractice of defendants that was not disclosed by the expert testimony at the trial and that was therefore not reflected in the judgment can be recovered in this action, although the judgment rendered in plaintiff's action against Wubben is res judicata insofar as it was based on the same facts as in the present action. (*Bernhard* v. *Bank of America*, 19 Cal.2d 807, 812, [122 P.2d 892]; *Good Health etc. Corp.* v. *Emery*, 275 N.Y. 14 [9 N.E.2d 758, 112 A.L.R. 401].) Defendants cannot rely on the former judgment as res judicata insofar as their own misrepresentations, though innocently made, led to plaintiff's failure to include her entire claim in the original action. (*White* v. *Adler*, 289 N.Y. 34 [43 N.E.2d 798, 142 A.L.R. 898]; *Vineseck* v. *Great Northern R. Co.*, 136 Minn. 96 [161 N.W. 494, 2 A.L.R. 530, 531]; Restatement: Judgments, § 62(b) and Comment; see *Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636 [134 P.2d 242]; 2 A.L.R. 534, 142 A.L.R. 905.)

As to that part of the injury caused by defendants and included in plaintiff's action against Wubben, the judgment in that action cannot alone discharge defendants, but satisfaction of that judgment would discharge them in the absence of duress, fraud, or mistake. The applicable rule is set forth in section 95 of the Restatement of Judgments: "The discharge or satisfaction of a judgment against one of several persons each of whom is liable for a tort, breach of contract, or other breach of duty, discharges each of the others from liability therefor." (See, also, Restatement: Torts, § 886.) This rule applies when the original wrongdoer satisfies a judgment that includes damages for aggravation of the injury because of the negligence of an independent tortfeasor. (Restatement: Judgments, § 95, Comment c; see *Butler* v. *Ashworth*, 110 Cal. 614 [43 P.4, 386]; *Milks* v. *McIver*, 264 N.Y. 267 [190 N.E. 487]; *Phillips* v. *Werndorff*, 215 Iowa 521 [243 N.W. 525]; *Thompson* v. *Fox*, 326 Pa. 209 [192 A. 107, 112 A.L.R. 550]; 29 Columb.L.Rev. 630, 634; 18 Cornell L.Q. 257, 258; 41 Am.Jur., Physicians and Surgeons, § 137.) Where a judgment against a defendant responsible for the entire harm is satisfied as a whole, the obligation of another obligor is extinguished, whether the judgment was discharged by payment of its full amount or by any other performance received in satisfaction of the judgment. "The fact that plaintiff recovered only part of the damages to which he was entitled is immaterial" (2 Freeman on Judgments (1925),

§ 578, p. 1225; *Blackman* v. *Simpson,* 120 Mich. 377 [79 N.W. 573, 58 L.R.A. 410]; *Westbrook* v. *Mize,* 35 Kan. 299 [10 P. 881]), if the injured person has received "what in law is deemed the equivalent" to actual satisfaction. (*Urton* v. *Price,* 57 Cal. 270, 272; see *Dawson* v. *Schloss,* 93 Cal. 194, 199 [29 P. 31]; *Chetwood* v. *California Nat. Bank,* 113 Cal. 414 [45 P. 704]; *Tompkin* v. *Clay St. R. R.,* 66 Cal. 163 [4 P. 1165]; *Butler* v. *Ashworth,* 110 Cal. 614 [43 P. 4, 386]; *Grundel* v. *Union Iron Works,* 127 Cal. 438, 442 [59 P. 826, 78 Am.St.Rep. 75, 47 L.R.A. 467]; *Black* v. *Bringhurst,* 7 Cal.App.2d 711 [46 P.2d 993]; *Minehan* v. *Silveria,* 11 Cal. App.2d 266 [53 P.2d 770]; 6 Cal.L.Rev. 230.)

Plaintiff, according to the instrument she executed, received $5,753.22 "for the purpose of making a full and final compromise, adjustment and settlement of all claims for injuries, losses and damages resulting or to result from said accident" and discharged Wubben "from any and all actions, causes of actions, claims and demands of whatsoever kind or nature on account of any and all known and unknown injuries, losses and damages." It was therefore the obvious intention of the parties to have the payment of $5,753.22 extinguish the entire judgment, not merely a part of it. By thus discharging Wubben's entire obligation, the parties did not intend to reserve plaintiff's rights against the other tort feasors for any damages covered by the judgment; nor could they have so intended, for neither of them knew or suspected that plaintiff had any claim against defendants. If "facts and intentions control" (*McKenna* v. *Austin,* 134 F.2d 659, 664), the settlement was made and accepted in full satisfaction of the judgment. Plaintiff's right of action against defendants for any damages covered by the judgment would therefore be barred were it not for the fact that the agreement between her and Wubben was made in ignorance of her claim against them. A general release purporting to cover all claims does not extend to claims that the creditor does not know or suspect exist in his favor at the time of executing the release, if knowledge of such claims would have materially affected his settlement with the debtor. (Civ. Code, § 1542; *Backus* v. *Sessions,* 17 Cal.2d 380 [110 P.2d 51].; *O'Meara* v. *Haiden,* 204 Cal. 354 [268 P. 334, 60 A.L.R. 1381]; see 30 Cal.L.Rev. 111; 96 A.L.R. 1144.) The provision in the release making it applicable to "unknown injuries, losses and damages" relates only to unknown claims against Wubben (see *Berry* v. *Strubble,* 20

Cal.App.2d 299 [66 P.2d 746]), but not to unknown claims against others.

Plaintiff in the present action may therefore recover: (a) damages for that part of the injury that can be attributed to malpractice of the defendants, which, because of their representations, innocent or otherwise, were not included in the judgment against Wubben; (b) that part of the damages included in the judgment against Wubben that can be attributed to malpractice of defendants, less such part, if any, of the $5,753.22 already received from Wubben as exceeds the amount of damages for which Wubben is alone responsible.

Edmonds, J., concurred.

Respondents' petition for a rehearing was denied September 1, 1944.