[No. B136703. Second Dist., Div. One. Feb. 29, 2000.]

GENOVEVA ANAYA et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CITY OF LOS ANGELES et al., Real Parties in Interest.

972

**COUNSEL**

Moreno, Becerra & Guerrero, Gregory W. Moreno and Arnoldo Casillas for Petitioners.

No appearance for Respondent.

James K. Hahn, City Attorney, G. Daniel Woodard, Assistant City Attorney, and Lisa S. Berger, Deputy City Attorney, for Real Parties in Interest.

## OPINION

**THE COURT.**[*]—We hold that the demurrer of Ralph Rodriguez Diaz, Gabriel Eudalgo Lara, and Robert Wayne Everton to the complaint of Genoveva Anaya and Alfredo Vides should have been overruled.

Anaya and Vides allege that their 11-year-old daughter, Norma Vides, was with them when their car collided with a Los Angeles city trash truck that was stopped in the number 2 lane of a road. Injured in the crash, Norma was airlifted by city helicopter; the helicopter crashed and Norma died. Anaya and Vides sued the City of Los Angeles and the individual drivers of the trash truck, Ralph Diaz and Gabriel Lara, for, inter alia, wrongful death. They also named Robert Everton, but the complaint does not set forth any facts as to Everton.[1]

The city and individual defendants Diaz, Lara, and Everton demurred. Respondent court overruled the city's demurrer, but sustained the demurrer of the individual defendants on the basis that Norma's death was not foreseeable.

## DISCUSSION

■ An actor may be liable if the actor's negligence is a substantial factor in causing an injury, and the actor is not relieved of liability because of the intervening act of a third person if such act was reasonably foreseeable at the time of the original negligent conduct. (*Vesely v. Sager* (1971) 5 Cal.3d 153, 163 [95 Cal.Rptr. 623, 486 P.2d 151].) "The foreseeability required is of the *risk of harm*, not of the particular intervening act." (*Torres v. Xomox Corp.* (1996) 49 Cal.App.4th 1, 18 [56 Cal.Rptr.2d 455].)

■ To determine that " 'a negligent actor [is] liable for another's harm, it is necessary not only that the actor's conduct be negligent toward the

---

[*]Before: Spencer, P. J., Vogel (Miriam A.), J., and Masterson, J.

[1]The points and authorities in support of the demurrer does not clearly lay out the sequence of events, but it appears that Everton had stopped his trash truck to collect garbage on his route when another vehicle collided with his truck. Diaz and Lara, in a different truck, saw that his truck was disabled and stopped their truck to assist. Blinded by the setting sun, the driver of the Vides car collided with Diaz and Lara's truck.

other, but also that the negligence of the actor be a legal cause of the other's harm.' 'Legal cause' exists if the actor's conduct is a 'substantial factor' in bringing about the harm and there is no rule of law relieving the actor from liability. [Citations.]" (*Nola M. v. University of Southern California* (1993) 16 Cal.App.4th 421, 427 [20 Cal.Rptr.2d 97].)

■ It has long been the rule that a tortfeasor responsible for the original accident is also liable for injuries or death occurring during the course of medical treatment to treat injuries suffered in that accident. In *Ash v. Mortensen* (1944) 24 Cal.2d 654 [150 P.2d 876], the Supreme Court stated: "It is settled that where one who has suffered personal injuries by reason of the tortious act of another exercises due care in securing the services of a doctor and his injuries are aggravated by the negligence of such doctor, the law regards the act of the original wrongdoer as a proximate cause of the damages flowing from the subsequent negligent medical treatment and holds him liable therefor." (*Id.* at p. 657, citing *Dewhirst v. Leopold* (1924) 194 Cal. 424, 433 [229 P. 30].)

In *Hastie v. Handeland* (1969) 274 Cal.App.2d 599 [79 Cal.Rptr. 268], a case involving a vehicular collision and subsequent death of the victim following medical care, Division One of the Fourth District determined that the original tortfeasor was liable for the subsequent injury suffered during medical treatment. (*Id.* at pp. 604-605.) "'If death resulted from a risk inherent in the medical treatment reasonably required to cure the injuries caused by the accident, respondents [original tortfeasors] would be liable irrespective of whether such treatment was rendered in a proper or a negligent manner. The question is one of causation, and where the additional harm results either from the negligence of doctors or hospitals who furnish necessary medical care, or from the materialization of a risk inherent to necessary medical care, the chain of causation set in motion by the original tort remains unbroken. [Citations.]" (*Id.* at p. 606.)

In *Maxwell v. Powers* (1994) 22 Cal.App.4th 1596 [28 Cal.Rptr.2d 62], Division One of the Fourth District cited *Ash v. Mortensen, supra,* 24 Cal.2d 654, and *Hastie v. Handeland, supra,* 274 Cal.App.2d 599, in its determination that BAJI No. 14.66 should have been given to the jury. In *Maxwell v. Powers,* injured motorcyclist David Maxwell was initially treated by Louis H. Powers, a Scripps Hospital trauma unit physician. After Maxwell's injuries were subsequently aggravated by the negligence of a Kaiser Foundation Health Plan physician, Maxwell sued Powers. The appellate court determined that BAJI No. 14.66 should have been given as part of the instructions to the jury. At that time, BAJI No. 14.66 read: "If you find that the defendant is liable for the original injury [if any] to the plaintiff, he is

also liable: [¶] . . . [¶] (2) [For any aggravation of the original injury or additional injury caused by negligent medical or hospital treatment or care of the original injury.]"[2] (*Maxwell v. Powers, supra,* 22 Cal.App.4th at p. 1606.)

The court explained: "The principle usually appears in cases involving automobile accidents, where the initial tortfeasor's careless driving exposed the plaintiff to a risk of physical harm, including medical treatment for the injuries resulting from the accident. The initial tortfeasor therefore is liable for the resultant medical treatment. The rationale for the rule is that such medical treatment 'is closely and reasonably associated with the immediate consequences of the defendant's act and forms a normal part of its aftermath.' [Citation.] Put more succinctly, the rationale has been expressed as 'subsequent negligent medical treatment is foreseeable as a matter of law.' [Citation.] . . . [W]hen subsequent medical treatment of an injury results in aggravation of the injury, the original tortfeasor is liable because he or she 'is always considered to be a proximate cause of the plaintiff's further injuries.' [Citation.]" (*Maxwell v. Powers, supra,* 22 Cal.App.4th at pp. 1606-1607.)

Obviously, if the original tortfeasor is liable for injuries or death suffered during the course of the treatment of injuries suffered in the accident, the original tortfeasor is liable for injuries or death suffered during transportation of the victim to a medical facility for treatment of the injuries resulting from the accident.

In *Pridham v. Cash & Carry Building Center, Inc.* (1976) 116 N.H. 292 [359 A.2d 193], Herbert Pridham was injured in an accident that occurred on Cash & Carry's premises and died when the ambulance transporting him to a hospital crashed. The New Hampshire Supreme Court determined that the jury should have been instructed that Cash & Carry was liable for Pridham's death. The New Hampshire Supreme Court explained the principle: "[I]f a tortfeasor's negligence causes harm to another which requires the victim to receive medical, surgical or hospital services and additional bodily harm results from a normal effort of persons rendering such services, whether done in a proper or negligent manner, the original tortfeasor's negligence is a legal cause of the injuries received because of the injured party's involuntary submission to such services." (116 N.H. at p. 296 [359 A.2d at p. 197].) The New Hampshire Supreme Court continued: "Medical services necessitated by the negligence of a tortfeasor are in most cases administered in a

---

[2]Revised in 1995, BAJI No. 14.66 still reads: "If you find that the defendant is liable for the original injury [if any] to the plaintiff, such defendant is also liable: [¶] . . . [¶] (2) [For any aggravation of the original injury [or for any additional injury] caused by negligent medical or hospital treatment or care of the original injury]"

hospital. The conveyance of [plaintiff] Pridham by ambulance to a hospital was a necessary step in securing medical services required by the accident at Cash & Carry [the original tortfeasor]. Therefore, the rule holding the original tortfeasor liable for additional harm from medical care rendered because of the original injury should be extended to, and include, injuries sustained while being transported to a hospital where medical services can be obtained." (116 N.H. at p. 292 [359 A.2d at p. 198].)

The allegation that the helicopter was negligently maintained does not establish a superseding cause. " '[T]he fact that an intervening act of a third person is done in a negligent manner does not make it a superseding cause if . . . the act is a normal response to a situation created by the defendant's conduct and the manner in which the intervening act is done is not extraordinarily negligent. [Citations].' " (*Martinez v. Vintage Petroleum, Inc.* (1998) 68 Cal.App.4th 695, 701 [80 Cal.Rptr.2d 449].)

The allegations that the helicopter malfunctioned and that the manufacturer is strictly liable for the helicopter's malfunction do not establish the manufacturer as a superseding actor. (See *Brewer v. Teano* (1995) 40 Cal.App.4th 1024, 1031, fn. 3 [47 Cal.Rptr.2d 348].)

CONCLUSION

The demurrer of individual defendants Diaz, Lara, and Everton should have been overruled, because it is foreseeable that, after a traffic collision, the victim's injuries suffered in the collision would require the victim to be transported for medical care to a medical facility (whether by automobile or helicopter). The tortfeasors liable for the original accident that necessitated transportation of the victim of that accident by ambulance are liable in damages for any injuries (or death) suffered by the victim on the way to the hospital. It follows that, on the facts as alleged in the complaint, Diaz, Lara, and Everton are liable for Norma's death, which occurred while she was being transported to a medical facility for treatment of injuries suffered in an accident caused by Diaz, Lara, and Everton. Those that built and maintained the helicopter did not become superseding actors.

DISPOSITION

Therefore, let a peremptory writ issue, commanding respondent superior court to vacate its September 24, 1999 order, sustaining the demurrer of Ralph Rodriguez Diaz, Gabriel Eudalgo Lara, and Robert Wayne Everton to the wrongful death cause of action in Los Angeles Superior Court case No.

BC207495, entitled *Anaya v. City of Los Angeles*, and to issue a new and different order overruling same.

Each party is to bear its own costs.