Joseph A. Broderick, as Superintendent of Banks of the State of New York, Respondent, *v.* Max Aaron et al., Defendants, and Abe Kessler et al., Appellants.

(Argued June 6, 1935; decided July 11, 1935.)

*Hyman Emerson* for appellants. The appellants are not liable for an assessment. (*Broderick* v. *Adamson,*

148 Misc. Rep. 353; 243 App. Div. 692; *Matteson* v. *Dent*, 176 U. S. 521; *Earle* v. *Carson*, 188 U. S. 42; *Whitney* v. *Butler*, 118 U. S. 655; *Richards* v. *Robin*, 178 App. Div. 535; *Hayes* v. *Schoemaker*, 39 Fed. Rep. 319; *Richards* v. *Ackerman*, 175 App. Div. 746; *Van Tuyl* v. *Scharmann*, 208 N. Y. 53; *Citizens Bank of Georgetown* v. *Robinson*, 134 Wash. 66; *Lucas* v. *Coe*, 86 Fed. Rep. 972.)

*Harold N. Cohen, Edward Feldman, Warren C. Fielding, Isadore H. Cohen* and *Carl J. Austrian* for respondent. The mere delivery of the stock to the branch office of the bank was neither timely nor sufficient under section 120 of the Banking Law (Cons. Laws, ch. 2) to relieve defendants-appellants from liability. (*Broderick* v. *Aaron-Sternlieb*, 240 App. Div. 537; 266 N. Y. 506; *Broderick* v. *McGuire*, 119 Conn. 83; *Broderick* v. *Adamson*, 148 Misc. Rep. 353; *Persons* v. *Gardner*, 113 App. Div. 597; 188 N. Y. 571; *Mahoney* v. *Bernhardt*, 27 Misc. Rep. 339; 45 App. Div. 499; 169 N. Y. 589; *People* v. *Merchants' Trust Co.*, 187 N. Y. 293; *Richards* v. *Scharmann*, 97 Misc. Rep. 143; *Parker* v. *Adams*, 38 Misc. Rep. 325; *Barnes* v. *Arnold*, 23 Misc. Rep. 197; 169 N. Y. 611; *Richmond* v. *Irons*, 121 U. S. 27; *Cook* v. *Carpenter*, 212 Penn. St. 177; *Broderick* v. *Aaron*, 264 N. Y. 368; *Johnson* v. *Underhill*, 52 N. Y. 203; *Mosler Safe Deposit Co.* v. *Guardian Trust Co.*, 208 N. Y. 524; *Van Tuyl* v. *Robin*, 160 App. Div. 41.)

LEHMAN, J. On December 9, 1930, the defendants Abe Kessler and Yetta Kessler sold shares of stock of the Bank of United States which they owned and which were registered in their names on the books of the bank. On the afternoon of the same day the certificates of stock duly indorsed were delivered to an assistant vice-president of the bank at a branch office of the bank and transfer to the purchaser was requested upon the books of the bank. The stockholders of record had fully performed

every act required of them preliminary to transfer of the stock upon the books of the bank. The bank was then under a duty to make the transfer on its books, in accordance with the established practice and regular course of business. It failed to perform that duty. On December 11th the bank was closed and the Superintendent took possession of its property and finances. At that time the defendants were still the owners of record of the stock which they had sold.

" No person who has in good faith, and without any intent to evade his liability as a stockholder, caused his stock to be transferred on the books of the bank when such bank is solvent to any resident of this state of full age previous to any default in the payment of any debt, or liability of the bank, shall be subject to any personal liability for any contracts, debts or engagements of the bank." (Banking Law [Cons. Laws, ch. 2], § 120.) It is not disputed that the defendants in good faith sold their stock to a resident of the State without any intent to evade their liability as stockholders. It is not disputed that at that time the bank was solvent. The stock was, however, not transferred on the books of the corporation before the bank had closed and before consequent default in payment of its liabilities. For that reason the defendants have been held subject to the liability imposed by law upon the stockholders of a bank.

Title to the certificates of stock was transferred by delivery of the certificate. (Personal Property Law [Cons. Laws, ch. 41], § 162.) To terminate the personal responsibility of the original stockholder of record for the debts and liabilities of the bank, more was required. The stockholder must cause the stock to be transferred upon the books of the bank. (*Broderick* v. *Aaron* [*Kornberg*], 268 N. Y. 260, decided herewith.) That was not complete here. True the defendants had done all required of them to cause the certificates to be transferred on the books of the bank and the bank neglected and failed to perform

its duty to transmit the certificates from its branch bank to its transfer office and thereafter to make the transfer upon the books of the bank in accordance with established and regular business routine. That routine, however, required time and it appears from the evidence and findings of the court that even if the certificates from the branch bank had been transmitted to the transfer office where the stock ledger was maintained and all other steps had been taken in accordance with its regular business routine, the transfer would in this case not have been made upon the books of the bank till some time on December 11th after the time when the bank was closed. In that respect the record here is different from that presented in the case of *Broderick* v. *Adamson* (148 Misc. Rep. 353; affd., 243 App. Div. 692), where the court found that failure to make the transfer was due to the fault and neglect of officers of the bank.

In accordance with the established practice and regular course of business of the bank, stock certificates delivered at branch banks were sent to the stock transfer office of the bank at about eleven o'clock on each business day. Thus, certificates delivered at a branch bank on the afternoon of December 9, 1930, would in the regular course of business of the bank reach the transfer office at about eleven o'clock on December 10th. Then after examination of certificates and indorsements new certificates would be drawn and at the close of the business day signed by the authorized officer of the bank. More remained to be done before the transfer could be made upon the books of the bank for each certificate bore on its face a provision that "This certificate is not valid until registered by the registrar. Registered: The Chase National Bank of the City of New York, Registrar. By..............., Assistant Cashier." In accordance with the usual routine of the bank new certificates which had been signed by the authorized officer of the bank would be delivered on the following day by the bank

to the Chase National Bank as registrar and only after authentication by it would the stock be ready for transfer on the same day upon the stock ledger of the bank.

Even if the officers of the bank had transmitted the defendants' stock certificates to the transfer office in accordance with their usual course of business, the transfer would not have been completed in accordance with its business routine till December 11th and at that time the bank was closed. The courts below have expressly found that the " business practice and routine of the transfer office * * * above described was in all respects reasonable and proper and necessary in the orderly and efficient conduct of its transfer operations." That finding cannot be successfully challenged. Thus, failure to have the stock certificates transferred on the books of the bank was not due to any neglect of the bank, but to the failure of the defendants to present the stock for transfer in time to complete the transfer on the books of the bank before the bank was closed.

A stockholder of record has not " caused his stock to be transferred on the books of the bank " until he has requested transfer of the stock, and at least a reasonable time has elapsed to enable the bank in accordance with established and reasonable routine to act upon the request. If default in payment of the bank's liabilities intervenes, the stockholder's personal liability remains intact. A different result might perhaps follow if failure to make the transfer had been due to wrong or neglect by the bank or its agents. (Cf. *Broderick* v. *Adamson, supra.*)

The judgment should be affirmed, with costs. (See 268 N. Y. 665.)

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.