WILLIAM R. WHITE, as Superintendent of Banks of the State of New York, Appellant, *v.* PEARL ADLER et al., Defendants and HENRY D. GASNER et al., Respondents.

Argued April 30, 1942; decided July 29, 1942.

*Henry L. Bayles* and *Carl J. Austrian* for appellant. Respondents having failed to cause their stock to be transferred on the books of the bank previous to its default remain liable for the assessment under section 113-A of the Banking Law (Cons. Laws, ch. 2). (*Broderick* v. *Aaron* [*Kessler*], 268 N. Y. 411; *Broderick* v. *Adamson* [*Dinnen*], 159 Misc. Rep. 634.) The cause of action here involved is different from that reduced to judgment in the prior suit against respondents. (*Broderick* v. *Adamson*, 148 Misc. Rep. 353; *Broderick* v. *Aaron* [*Kornberg*], 268 N. Y. 260; *White* v. *Adler*, 255 App. Div. 762; *Persons* v. *Gardner*, 113 App. Div. 597; 188 N. Y. 571; *Broderick* v. *Adamson* [*Gordon*], 270 N. Y. 228; *Broderick* v. *Aaron*, 240 App. Div. 537; 266 N. Y. 506; *Secor* v. *Sturgis*, 16 N. Y. 548; *Perry* v. *Dickerson*, 85 N. Y. 345; *Reilly* v. *Sicilian Asphalt Paving Co.*, 170 N. Y. 40; *White* v. *Adler*, 159 Misc. Rep. 604; *Lowry* v. *Inman*, 46 N. Y. 119; *Van Tuyl* v. *Schwab*, 174 App. Div. 665; 220 N. Y. 661; *Brown* v. *Smith*, 106 Fed. Rep. 438; 187 U. S. 637.) The court at Special Term had jurisdiction and properly permitted the institution of the present action, although thereby a cause of action may be split. (*Secor* v. *Sturgis*, 16 N. Y. 548; *La France* v. *La France*, 127 Conn. 149; *Beltz* v. *Great Western Lead Mfg. Co.*, 251 Fed. Rep. 696; *Gedney* v. *Gedney*, 160 N. Y. 471; *O'Dougherty* v. *Remington Paper Co.*, 81 N. Y. 496; *Saypol* v. *Wolf*, 165 Misc. Rep. 517; *White* v. *Adler*, 159 Misc. Rep. 604; *Wilson* v. *Colorado Mining Co.*, 227 Fed. Rep. 721; *United States* v. *Pan-American Petroleum Co.*, 55 Fed. Rep. [2d] 753; 287 U. S. 612; *Marcus* v. *Village of Mamaroneck*, 283 N. Y. 325; *Matter of Rothschild*, 160 App. Div. 530; *Monpel Realty Corp.* v. *North American Mortgage & Building Corp.*, 230 App. Div. 826.)

*Joseph Katz* and *Henry D. Levy* for respondents. The finding in the first action to the effect that on December 11, 1930, the defendants-respondents appeared upon the stock ledger of the bank as the owners of a number of shares of stock and the judgment directed against them for their *pro rata* liability on those shares was *res judicata* and barred a subsequent action in which it was claimed that on December 11, 1930, the same defendants

appeared upon the stock ledger as the owners of additional shares of stock. (*Broderick* v. *Aaron* [*Kessler*], 268 N. Y. 411; *Cromwell* v. *County of Sac*, 94 U. S. 351; *Broderick* v. *Aaron* [*Kornberg*], 268 N. Y. 260; *Broderick* v. *Adamson*, 148 Misc. Rep. 353; *Baltimore S. S. Co.* v. *Phillips*, 274 U. S. 316; *Montrose* v. *Wanamaker*, 134 N. Y. 590; *Eissing Chemical Co.* v. *People's Nat. Bank*, 205 App. Div. 89; *Steinbach* v. *Relief Fire Ins. Co.*, 77 N. Y. 498; *Silberstein* v. *Begun*, 232 N. Y. 319; *Harrison* v. *Remington Paper Co.*, 140 Fed. Rep. 385; *Martin* v. *Home Bank*, 160 N. Y. 190.)

LEHMAN, Ch. J.  On December 11, 1930, before the hour when banks in the city of New York open for the transaction of business, the Superintendent of Banks of the State of New York took possession of the business and property of the Bank of United States pursuant to the provisions of the Banking Law (Cons. Laws, ch. 2).  In the course of liquidation of the affairs of the bank, and before July 1, 1932, the Superintendent of Banks determined that the reasonable value of the assets of the bank was not sufficient to pay its creditors in full.  The statute provided that the stockholders of every bank should be " responsible, equally and ratably and not one for another, for all contracts, debts and engagements of the bank  *  *  *  to the extent of the amount of their stock therein  *  *  *. "  (Banking Law, § 120, now § 113-a.)  Acting pursuant to the powers conferred upon him by the statute, the Superintendent of Banks decided on July 1, 1932, that an assessment of twenty-five dollars against each stockholder for each share of stock was necessary to provide funds for the payment of the debts of the bank.  Written demands, dated July 6, 1932, were addressed to each stockholder of the bank, for the payment of twenty-five dollars for each share of stock appearing upon the stock ledger of the bank, to be held by him.  The notice to the defendant Henry D. Gasner stated: " The total assessment against you as holder of 1 share of stock is $25."  The notice to the defendant Bessie Gasner stated: " The total assessment against you as holder of 8 shares of stock is $200."

The Superintendent of Banks thereafter brought an action pursuant to the provisions of the Banking Law against stockholders of the bank to enforce their liability as defined by the

statute. The names of the stockholders upon whom claim was made in that action were set forth in " Schedule A " annexed to the complaint. The plaintiff alleged in the complaint: " Each of the defendants enumerated upon Schedule A was, on and prior to December 11, 1930, the owner and holder of the number of shares set opposite his name upon said schedule, and appeared and now appears under such name as such owner and holder upon the stock ledger of said bank." Upon the list of " defendants enumerated upon Schedule A " the defendant Henry D. Gasner was named as the owner and holder of one share of stock and the defendant Bessie Gasner was named as the owner and holder of eight shares. Decision in that action was rendered in favor of the plaintiff on April 11, 1934, and, upon appropriate findings of fact and conclusions of law in the decision, judgment was entered against Henry D. Gasner for twenty-five dollars and interest as the owner of one share of stock, and judgment entered against Bessie Gasner for $200 and interest as the owner of eight shares of stock. On October 28, 1935, a receipt was issued to the defendant Henry D. Gasner stating: " This is to acknowledge receipt of the sum of $25. in payment, release and discharge of all liability of Henry D. Gasner as owner and holder of one (1) share of capital stock of the Bank of United States, assessed by the Superintendent of Banks of the State of New York pursuant to the notice dated July 6th, 1932." A similar receipt for the sum of $200. was issued. to the defendant Bessie Gasner.

On October 1, 1935, the plaintiff, Superintendent of Banks, had begun another action to enforce the statutory liability of stockholders of the bank, and in that action the defendant Henry D. Gasner was named as the owner and holder of 325 shares of stock and the defendant Bessie Gasner as the owner and holder of two shares of stock. Judgment was sought against each for the sum of twenty-five dollars for each share of stock so owned and held. The defendants interposed an answer which, in addition to denials of material allegations of the complaint, contained a statement of new matter intended to constitute two separate affirmative defenses. As a first defense the defendants pleaded that they had sold the stock and " caused their said stock to be transferred on the books of the bank " prior to the 11th day of December, 1930, and that

at the time of the sale the bank was solvent. As a second affirmative defense the defendants pleaded that the recovery of the plaintiff in the first action to enforce the liability of the defendants as stockholders of the bank barred any second action to enforce the same liability. Judgment in favor of the plaintiff was rendered at Special Term. Upon appeal to the Appellate Division the judgment was reversed " on both the law and the facts " and judgment granted in favor of the defendants dismissing the complaint on the merits, on the ground that the action was barred by the recovery in the prior action.

The same section of the Banking Law which defines the individual liability of " stockholders " of an insolvent bank also defines the " stockholders " who are subject to that liability. " The term ' stockholder ' as used in this section shall apply to: 1. Such persons as appear by the books of the bank  *   *   *  to be stockholders; 2. Every owner of stock, legal or equitable, although the same may be on such books in the name of another person  *   *   *. No person who has in good faith, and without any intent to evade his liability as a stockholder, caused his stock to be transferred on the books of the bank or trust company when such bank or trust company is solvent to any resident of this state of full age previous to any default in the payment of any debt or liability of the bank or trust company, shall be subject to any personal liability for any contracts, debts or engagements of the bank or trust company." (§ 120, now § 113-a.) Upon evidence produced by the plaintiff at the trial the court at Special Term made appropriate findings which, if sustained by the evidence, would establish that the defendants were subject to the liability defined by the statute not only for the small amount recovered by the Superintendent of Banks in the prior action brought to enforce that liability, but also for the much greater amount sought by the Superintendent in the second action. The Appellate Division did not reverse or change these findings. It reversed only the findings and conclusions contained in the decision, relating to the determination that the recovery in the first action did not bar recovery in the second action.

The defendants maintain upon this appeal not only that the plaintiff's claims, now asserted, are barred by the recovery in the

prior action, but also that, quite aside from the defense of prior adjudication, the defendants are entitled to judgment dismissing the complaint, because even the. findings which have not been reversed by the Appellate Division are unsupported by the evidence. Before we discuss the effect of the prior adjudication we consider briefly the facts established by the evidence and embodied in the findings which are now challenged, though they have been affirmed by the Appellate Division.

On the morning of December 10, 1930, the last day upon which the Bank of United States was open for the transaction of business, Henry D. Gasner was the record holder of 326 shares of stock upon the books of the bank, though he had ceased to be the actual owner, legal or equitable, of 325 of these shares. On that day certificates for these 325 shares of stock were presented at the bank for transfer to Lois Johnson. The certificates were accepted for transfer by the bank. Upon the face of all stock certificates of Bank of United States, including the certificates presented for transfer on December 10th, appeared the following provisions: " This certificate is not valid until registered by the Registrar. The Chase National Bank of the City of New York, Registrar, by .............., Assistant Cashier." The stock certificates presented for transfer to the Bank of United States on December 10th were cancelled in accordance with the usual routine and course of business of the bank and new certificates in the name of the transferee were prepared and signed by the officers of the bank and were then ready for registry by Chase National Bank as registrar. In advance of such registration the transfer was recorded upon transfer sheets in the bank.

The transfer of the stock on the books of the bank was not yet complete. That required entry in the stock book of the bank after the new certificates were registered by the Chase National Bank. Certificates presented and accepted for transfer by Bank of United States and the new certificates prepared by Bank of United States for registry were, in the ordinary course of business and in accordance with its usual routine, sent to the registrar, Chase National Bank, on the morning of December 11th. The registration was not completed and no entry made in the stock book until *after* the Superintendent of Banks had taken possession

of the business and property of the bank. Between December 13 and December 15 the transfer of the certificates was entered upon the books as of December 10, 1930. Though no officer or employee of Bank of United States or of Chase National Bank has personal knowledge or recollection of the entries of the transfer of the specific certificates of stock which had belonged to the defendants, the inference that the usual routine was followed is inescapable, and the findings of the court are fully sustained by the evidence.

The individual liability of the stockholders of the bank became fixed when the Superintendent of Banks took possession of the business of the bank on the morning of December 11th. All persons who *then* appeared by the books of the bank to be stockholders were subject to that liability. At that time Henry D. Gasner appeared by those books to be the owner of 326 shares. Neither actual transfer by him of the certificates for 325 shares of stock nor presentation of the certificates on December 10th, when the bank was transacting business as usual, terminated or diminished his liability. That could not be accomplished until the transfer was complete and appropriate entry made upon the books of the bank, or until after request for transfer had been made and " at least a reasonable time has elapsed to enable the bank in accordance with established and reasonable routine to act upon the request." (*Broderick* v. *Aaron* [*Kessler*], 268 N. Y. 411, 416.) Under the rule there stated the defendant Henry D. Gasner would have had no defense if the Superintendent of Banks had, in the prior action, sought to enforce liability measured by ownership of these shares.

We do not speculate why the Superintendent of Banks in the prior action to enforce the statutory individual liability of the stockholders sought judgment against Henry D. Gasner to the extent of the par value of only one share of stock though *at the time the bank closed* he appeared by the books of the bank to be the holder of 326 shares. Perhaps the reason was that at the time *of the commencement of the action* he appeared to be the holder of only one share, for the transfer of 325 shares had, as we have said, been entered upon the books a few days after the bank was closed but as of December 10th, when the bank was still transacting its regular business and the Superintendent of Banks or his counsel,

examining these books in preparation for the enforcement of the liability of the stockholders, may have had no personal knowledge or may have forgotten that the entries in the books of the bank as of December 10th were, in fact, made thereafter. Perhaps even if that fact was present in their minds they may have failed to recognize its significance, for our decision in *Broderick* v. *Aaron* (*Kessler*) (*supra*), formulating the applicable rule, was rendered only in July, 1935. In any event, immediately after that decision the Superintendent of Banks made an additional demand upon these defendants and commenced this action to enforce the additional liability.

The statute defines a single liability of stockholders " to the extent of the amount of their stock therein, at the par value thereof." The liability of the stockholder is measured by the number of his shares, but the statute does not create or define a separate liability upon each share of stock or upon each stock certificate in single ownership. Only a single cause of action accrues upon failure to satisfy a single liability. Though in the prior action the plaintiff sought recovery for only a small fraction of the total liability of the defendants and the question whether the defendants were subject to a greater liability was not in issue, yet the recovery upon part of a single cause of action ordinarily bars an action thereafter for the remainder. The serious question presented upon this appeal is whether under the circumstances here presented the ordinary rule against splitting causes of action should be applied and a second recovery denied upon part of defendants' statutory liability which the plaintiff omitted to assert in the prior action.

The rule has been stated in *Bendernagle* v. *Cocks* (19 Wend. 207, 215) (cited in *Pakas* v. *Hollingshead*, 184 N. Y. 211): " If a party will sue and recover for a portion, he shall be barred of the residue." " The reason for the rule lies in the necessity for preventing vexatious and oppressive litigation, and its purpose is accomplished by forbidding the division of a single cause of action so as to maintain several suits when a single suit will suffice." (*Kennedy* v. *City of New York*, 196 N. Y. 19, 22.) Implicit in such statements of the rule is an assumption that a plaintiff who has split his causes of action has acted inequitably, knowing that he was causing unnecessary vexation to the defendant, or at least careless whether or not he causes such vexation. " Of necessity, the splitting up

of accounts, or demands, implies, on the part of the suitor, a conscious act, or knowledge." (*Gedney* v. *Gedney*, 160 N. Y. 471, 475.)

Here the plaintiff is a public officer seeking to enforce a liability created by the State against *all* stockholders of the bank for the benefit of *all* of the creditors. A sound public policy demands that the liability created by the State should be enforced equally against all stockholders — that none should benefit by mistake or even dereliction of duty by the public officer upon whom the duty of enforcing the liability is imposed — nor should those members of the public for whose benefit the liability has been created suffer because of dereliction of duty by the public officer.

The courts of other jurisdictions have noted that a rigid application of the rule against splitting of causes of action at times would produce injustice. It has even been said that exceptions should be recognized " as the evident justice of the particular case requires." (*State ex rel. White Pine Sash Co.* v. *Superior Court*, 145 Wash. 576, 579. See, also, *United States* v. *Pan-American Petroleum Co.*, 55 Fed. Rep. [2d] 753, p. 776.) It is not necessary to decide now whether in this State the courts may, in the exercise of a sound discretion, refuse, either in an action at law or in equity, to give full effect to a violation of the rule against splitting causes of action, " as the evident justice of the particular case requires." The stock owned by the defendants was represented by several stock certificates. Each certificate was assignable by indorsement upon the certificate and delivery. The defendants did assign some or all of their certificates before the closing of the bank when the liability of each individual stockholder became fixed. Though that assignment did not terminate or diminish the liability of the defendant measured by his stock, the assignment nonetheless created a liability also against each person to whom a certificate of stock was transferred to the extent of the number of those shares which had been assigned to him. The Superintendent of Banks might enforce liability measured by the shares assigned either against the assignor or assignee, but if the liability was enforced against the assignor, the assignee was bound to indemnify him. (*Broderick* v. *Aaron* [*Rice*], 264 N. Y. 368.) Each separate certificate could be separately presented for transfer upon the books of the bank. Thus the defendants, by assigning separate stock certificates, did themselves

initiate the splitting of liability against them. The assignment carried with it legal consequences even before the transfer on the books was completed and created a condition in which there was reasonable doubt about the extent of the recovery which could be had against the defendants. The plaintiff in these circumstances in the prior action sought recovery only for the amount for which the defendants were liable beyond possible doubt. We decide only that in these circumstances the reason for the rule fails and that recovery upon the defendants' statutory liability " to the extent of the amount of their stock " never presented for transfer, does not bar recovery thereafter for the amount of their stock represented by the certificate which had been presented for transfer before the bank closed.

The defendants have not been vexed or harassed, unreasonably, by a multiplicity of actions brought to enforce the liability imposed upon them by law. When the prior action was commenced and decided the courts had not yet decided the grave legal question whether stockholders were subject to liability " for the amount of their stock " which they had assigned and which had been presented on December 10th for transfer upon the books of the bank. The plaintiff was under a duty to enforce to its full extent the liability created for the protection of those doing business with banks organized under the laws of the State. Stockholders might have had reason to complain if, before the courts had defined the extent of their statutory liability, the plaintiff had sought to recover the full amount for which they might be liable under every possible judicial decision which might be rendered thereafter. The general rule that a second recovery cannot be had upon a single cause of action does not apply when, in such circumstances, a public officer seeks to enforce the statutory liability of stockholders " to the extent of the amount of their stock " for which liability at that time was clear without including in his demand the amount of other stock represented by separate certificates which the stockholders had attempted to transfer, though under the rule formulated in a later judicial decision the stockholders were liable also for the amount of that stock. The rule against splitting a cause of action is one made by judges to promote the public policy of the State. It should not be applied " to frustrate the purpose of its laws or

to thwart public policy." ( *United States* v. *Pan-American Petroleum Co.*, *supra.*)

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, without costs.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly. (See 289 N. Y. 646.)