206 P.2d 562

**STATE v. AIRESEARCH MFG. CO., Inc.**

No. 5071.

Supreme Court of Arizona.

May 23, 1949.

344

Evo DeConcini, Atty. Gen., Charles D. McCarty, Asst. Atty. Gen., Edward Jacobson, Asst. Atty. Gen., for appellants.

Snell, Wilmer, Walsh & Melczer, of Phoenix, for appellee.

PHELPS, Justice.

The appellee, Airesearch Manufacturing Company, Inc., hereinafter referred to as the company, was incorporated to do business in the state of Arizona in July, 1942, its purpose being to carry on a defense plant activity as a part of the war program. It continued its operations until sometime during the year 1946 when it closed up its affairs and withdrew from the state.

During the period of its operation it kept its books on an "accrual" basis as distinguished from a "cash" basis. The company in submitting its income tax report to the Arizona State Tax Commission, hereinafter referred to as the commission, in computing the amount due, deducted as a credit on its income the federal income taxes actually paid during the year. However, it showed in each of the years it filed its state income tax report the accrued federal income tax which it declared to be nondeductible. For example, in the year 1943-1944 it deducted as federal income tax, taxes paid—$48,192.09, and showed an accrual of federal income taxes for that fiscal year of $871,400. In the year 1944-1945 it deducted $871,095.83 federal income tax actually paid, so that the deductions over a period of years, whether on an accrual basis or a cash basis would be the same.

After the company had discontinued its operations in Arizona, to wit, on May 6, 1946, pursuant to the renegotiations of the company's 1943-1944 profit, it filed with the commission an amended income tax return for that year together with a claim for a refund of income taxes pursuant to the provisions of section 73-1544, A.C.A. 1939. The commission approved the claim in the sum of $10,111.18 which was later reduced to judgment in the Superior Court of Maricopa County in accordance with the provisions of law relating to refunds in excess of $1000.

On September 4, 1946 the company filed with the commission a second amended in-

come tax return together with a second claim for refund of the 1943-1944 income taxes in the amount of $33,568.81 based upon the ground that it had just discovered an error in its returns to the Tax Commission in which it had deducted federal income taxes actually paid instead of deducting federal income taxes accruing during the fiscal year involved.

On the same date it filed a claim for a refund of $26,151.63 for the fiscal year 1944-1945 based upon the same ground. For the fiscal year 1945-1946 the company filed its return with the State Tax Commission deducting its federal income tax on an "accrual" basis instead of on a "cash" basis as it had been accustomed to do and paid to the commission $20,000 income tax. Had the company made its return to the commission for said year deducting the federal income tax on a "cash" basis instead of an "accrual" basis there would not have been due any income tax whatever to the state.

On December 12, 1946 the company filed a motion in the Superior Court of Maricopa County to reopen the judgment it obtained in that court on June 14, 1946 to permit the company to file a supplemental complaint or in the alternative to reopen the judgment to permit the company to file an amended complaint based on the fact that the company claimed an additional refund from the state by virtue of its alleged error in deducting federal income taxes.

On December 13, 1946 the commission entered its order denying both of the claims for refund for the fiscal years 1943-1944 and 1944-1945. The company requested a hearing before the commission which was granted. A formal hearing was had before the commission on May 21, 1947 on the petition for the refund for the fiscal year 1943-1944. No hearing was had on the claim for refund for the year 1944-1945 because of pending renegotiating proceedings between the company and the federal government.

On June 4, 1947 the commission entered its order denying the refund from which an appeal was taken to the Superior Court of Maricopa County. The matter proceeded to hearing before that court which thereafter entered its judgment requiring the commission to recompute the company's income for the year 1943-1944 and to allow the company a deduction of federal income taxes on an accrual basis instead of a cash basis. From that judgment an appeal was taken to this court.

The commission has assigned as error:

1. That the court erred in denying appellant's motion to dismiss and in entering judgment for the appellee for the reason that the court was without jurisdiction in the premises.

2. The court erred in overruling appellant's plea in abatement and in entering judgment for the appellee for the reason that there was then pending in the same court an action involving substantially the

same parties seeking the identical relief sought here.

3. The court erred in entering judgment for appellee for the reason that it appeared on the face of the appeal that appellee had deducted its federal income taxes according to law and was not entitled to a refund.

4. The court erred in entering judgment for appellee for the reason that it appeared on the face of the appeal that the federal income taxes had been deducted in accordance with the valid regulations of the commission.

The assignments of error present both procedural and substantive questions of law for our determination.

We prefer to consider first the question of whether in making its income tax report to the commission in 1944–1945 the company, under the facts in this case, was required by law to deduct its federal income taxes upon a "cash" or an "accrual" basis or whether it could elect the one or the other, depending upon its method of bookkeeping. We will later consider the question relating to procedure.

The company claims that the law requires it to deduct its federal income tax on an accrual basis because its books of account were kept on an accrual basis, while the commission claims that said federal income tax deductions must be made on a cash basis regardless of how the taxpayer's books of account are kept.

Both rely upon the same provision of the act as authority for their respective positions, to wit, sections 73-1510 and 73-1519.

Section 73-1510, sub-section (e) provides insofar as applicable here: " * * * that allowable deduction for federal inccme taxes shall be limited to taxes paid on net income taxable under this act."

Section 73-1519, sub-sections (a) and (b) provide:

"(a) Persons who customarily estimate their incomes or profits on a basis of cash receipts and disbursements, or other method of accounting which clearly reflects their taxable income, *may* make their report of income in accordance with the method of accounting regularly employed by them; provided, that if the method employed does not clearly reflect the taxable income the computation shall be made upon a basis and in such manner as in the opinion of the commission will clearly reflect such net income. (Emphasis supplied.)

"(b) 'Paid' or 'actually paid' are to be construed in the light of the method used in computing taxable income, whether on the accrual or receipt basis; provided that the deductions for federal income taxes shall be limited to taxes paid on net income taxable under this act."

The commission claims that the portion of the statute set forth above, reading: " * * * provided that the deduction for

federal income taxes shall be limited to taxes paid on net income taxable under this act * * *" is a mandatory order to the taxpayer to deduct only federal income taxes actually paid during the year while the company claims that it plainly enjoins upon the taxpayer the duty to make such deductions on an accrual basis where its books of account are kept on an accrual basis. A careful analysis of the language used in the above proviso compels the conclusion that it is not susceptible of either interpretation ascribed to it but that it clearly means that the legislature intended to limit, and did limit, deductions of federal income taxes, whether on a cash or an accrual basis, to taxes computed on the same net income as shown on the state income tax return, for example, if the net income shown to be taxable by the state was $125,000 the federal income tax allowable as deductible must be computed upon the same net income as shown by the state income tax return, even though the net income as shown on the federal income tax return is $250,000. In that case the federal income taxes would be computed upon the basis of $250,000 net income yet the state would only allow credit for deductions for federal income taxes on an amount equal to $125,000 net income.

Sub-section (b) of section 73-1519 says: " 'Paid' or 'actually paid' are to be construed in the light of the method used in computing taxable income, whether on the accrual or receipt basis * * *".

This language is not ambiguous. It simply means that if the deduction of federal income taxes is made on a cash basis "paid" or "actually paid" means that the cash has actually been transmitted to the federal government. If the deduction of federal income tax is made on an accrual basis, then "paid" or "actually paid" means that the federal income taxes are deemed to have been "paid" on the date of accrual as entered on the books of the company. Hence a taxpayer under the language of the law and in the absence of regulation by the commission, had the right to compute his taxes either upon a cash or an accrual basis as he deemed most convenient or appropriate. The statute plainly says that if he computes his taxes paid on an accrual basis he may compute his income taxes to the state on an accrual basis but he is not compelled to do so. The grant is merely permissive.

Sub-section (a) of section 73-1505 vested in the commission the power " * * * from time to time make such rules and regulations, not inconsistent with this act, as it may deem necessary."

Sub-section (a) of section 73-1519 authorizes the commission to require the income tax return to " * * * be made upon a basis and in such manner as in the opinion of the commission will clearly reflect such net income * * *" of the taxpayer.

The commission did adopt regulation article No. 528 relating to this matter in

1934 which reads as follows: "Federal income and profit taxes paid on income subject to tax under the Arizona income tax law are deductible in the year in which actually paid in cash."

We believe this regulation to be entirely within the power of the commission to promulgate, if from its experience and observation, deductions of federal income taxes on an accrual basis did not clearly reflect the taxable income. We can envision many circumstances where it would not do so and thus impose additional burdens on the commission especially in periods of great depression or great prosperity where prices and costs of production cannot be even remotely approximated, and during the war when government contracts were negotiated and renegotiated with wholly unpredictable results.

It is presumed that the commission had a valid reason for adopting the above regulation. We therefore hold that regardless of how accounts are kept in the books of a taxpayer whether on a "cash" or an "accrual" basis, under the valid regulation of the commission, federal income taxes must be deducted on the basis of cash actually paid during the year.

We are further of the opinion that even if in the absence of such a regulation the company having once selected its method of deducting federal income taxes, being fully cognizant of the method employed, may not, when it is found to its advantage to do so, change its method of deducting said taxes.

The commission argues that no appeal lies from an order of the commission denying a refund, under the provisions of section 73-1544. It is elemental that the right of appeal does not exist except by statutory grant. Barth v. Apache County, 18 Ariz. 439, 162 P. 62; Duncan v. Superior Court, 65 Ariz. 193, 177 P.2d 374. We must therefore look to the provisions of the act relating to state income taxes for an answer to this question and under it to ascertain from the language used, the intent of the lawmakers. Where a statute is plain and unambiguous there is no room for construction. Automatic Registering Machine Co., Inc., v. Pima County, 36 Ariz. 367, 285 P. 1034. If possible, meaning should be given to each word, clause or sentence considered in the light of the entire act itself and the purposes for which it was enacted into law. Webb v. Frohmiller, 52 Ariz. 128, 79 P.2d 510; Garrison v. Luke, 52 Ariz. 50, 78 P.2d 1120.

Statutes relating to taxes should be given a liberal construction in order to effect the objects sought to be accomplished and promote justice; State v. McEuen, 42 Ariz. 385, 26 P.2d 1005. The aim of the court likewise should be to give it a sensible construction such as will accomplish the legislative intent and if possible avoid an absurd conclusion or avoid making the statute invalid. DeMund v. Meade, 13 Ariz. 236, 108 P. 479.

Sub-section (d) of section 73-1544, A.C. A. 1939, provides: "Claims for refund or credit shall be filed with the commission and shall set forth specifically and in detail the basis of and reason for any such claim. Upon the filing of a claim it shall be considered and acted upon as provided for the consideration of additional assessments. If any portion of a claim is disallowed the person filing the same shall have the right of hearing and appeal provided in section 39." (Now section 73-1539, A.C.A. 1939.)

Section 73-1539 provides: "Any person aggrieved by the correction or assessment of his income shall be entitled to a hearing before the commission, if within twenty (20) days after the notice prescribed by section 38 (§ 73-1538) he shall in writing request the same and explain in detail his objection to such correction or assessment. Upon a request for hearing the commission shall fix the date and place of hearing and shall hear the taxpayer and render its decision. * * *"

It will be observed that section 73-1539, supra, does not provide for an appeal from the hearing therein provided. Section 73-1540, however, does provide for an appeal to the Superior Court, from an assessment or a correction thereof by complying with the other provisions of the act relating to appeal.

While it is true as urged by appellant that an application for refund of taxes voluntarily paid is in an entirely different category to that of an additional assessment made by the tax assessing body in that a refund of taxes voluntarily paid is by virtue of governmental grace rather than by reason of any legal right which the taxpayer has to such a refund and that in allowing or disallowing such refund the government is vested with a discretion that is absolute in the absence of limitation by statute, yet under the canons of statutory construction the legislature having declared that a claimant under such conditions has the right of "hearing and appeal provided in section 39" requires the court to give some meaning, if possible, to the word "appeal". We believe that it is more reasonable to ascribe to the legislature an error in referring only to section 39 rather than to sections 39 and 40 of chapter 8 of the Income Tax Act, which provides both for hearing and appeal than to hold that the word "appeal" is meaningless and must therefore be entirely disregarded by the court. In addition to granting the right of appeal, sub-section (d) of section 73-1544, supra, provides that a claim for refund shall be considered and acted upon as provided for the consideration of additional assessments.

The cases of State ex rel. O'Neil v. Hall, 57 Ariz. 63, 110 P.2d 960, and Tucson Title Insurance Company v. State Tax Commission, 59 Ariz. 334, 127 P.2d 341, may not be construed as controlling authority in this case. The question therefore is one of first impression in this court.

It is our view that the legislature did intend to provide an appeal from an order denying a refund and that such appeal does lie but that the right of appeal is not available to the company in this case as we will hereinafter point out.

■■■■■ Appellant's assignment to the effect that the Tax Commission in allowing the refund of $10,111.18 on the 1944–1945 fiscal year exhausted its power with respect to allowance of refund for that fiscal year, to our minds, presents a most serious question. As we stated in the case of Magma Copper Co. v. Arizona State Tax Commission, 67 Ariz. 77, 191 P.2d 169, 174, " * * * the Commission, in the administration of said law, acts both in a ministerial and judicial or quasi-judicial capacity. * * *" We held that: "An act is ministerial where the law requiring it to be performed, prescribes the time, manner, and occasion of its performance with such certainty that nothing remains for judgment or discretion. (Citing cases.)"

■■■■■ But in conducting a hearing, receiving evidence, oral or documentary, and rendering its decision based upon such evidence it acts in a judicial or quasi-judicial capacity. We further stated in substance that an official act is judicial where it is the result of judgment or discretion based upon evidence received at a hearing provided by law.

The evidence in this case discloses that upon application being made by the company for a refund, the commission, (acting in its quasi-judicial capacity) allowed the refund. The conclusion reached was the result of judgment based upon the showing made upon the application presumably upon adequate evidence. If the commission had denied the refund or had reduced it in any amount whatsoever, the company had the right under the provisions of section 73-1544 to request a hearing before the commission and upon an adverse ruling, to appeal to the Superior Court from said ruling.

It is immaterial, as we view it, whether the decision to allow a refund is reached upon an ex parte hearing or upon a formal hearing where both parties are present and produce evidence. The one is as much a judicial function as the other.

■■■■■ It is true in the Magma case that all the proceedings involved the same claim but we fail to see any distinction in the principle involved between that case and the instant case. In both cases the commission in allowing or disallowing the taxpayer's claims, was exercising its discretion and judgment. Its decision in each case was based upon the showing made when the claim was considered. That it was acting in a quasi-judicial capacity in so doing cannot be questioned. Counsel for appellee concedes that the rule laid down in United States v. C. C. Clark, Inc., 5 Cir., 159 F.2d 489, to the effect that the income tax liability for any year is a single cause of action, states a correct

principle of law and that by reason of the company's belief that such was the law, it applied to the Superior Court to reopen the judgment in the case pending before it in order to enable the company to file an amended or supplemental complaint to bring in an additional claim for refund for the same year.

If the law is applicable to the cause pending in the Superior Court, it is also applicable to the cause pending before the commission while acting in a quasi-judicial capacity. The authorities are practically uniform that one may not split his causes of action as the company is seeking to do in this case. White v. Adler, 289 N.Y. 34, 43 N.E.2d 798, 142 A.L.R. 898; State ex rel. White Pine Sash Co. v. Superior Court for Ferry County et al., 145 Wash. 576, 261 P. 110.

There are exceptions to this rule as where omission to consolidate the claims is due to ignorance or to fraud. Under such circumstances the doctrine of res judicata does not apply. Where the omission is due to mistake, the authorities are divided upon the question of whether or not res judicata applies. In this case, however, according to the undisputed evidence, the books at all times disclosed and the treasurer of the company who was a public accountant, knew from the very beginning of the operation of the company that the federal income tax was being deducted on a cash basis and not on an accrual basis. The tax return itself showed the deduction on a cash basis and showed as nondeductible the accrued federal income tax. Hence the omission to consolidate the two claims for refund for the fiscal year 1944–1945 does not fall within any of the exceptions to the rule.

Therefore we hold that when the commission allowed the refund of $10,111.18 it was acting in a quasi-judicial capacity and exhausted its power and jurisdiction to consider any further refund. Magma Copper Co. v. Arizona State Tax Commission, supra; State v. Board of Supervisors of Yavapai County, 14 Ariz. 222, 127 P. 727; People v. Board of Supervisors of Schenectady County, 35 Barb., N. Y., 408. We have hereinabove held that the statutes provide for an appeal from a denial of a refund. In view of the fact, however, that the commission had exhausted its power and jurisdiction in granting the refund of $10,111.18, it was without jurisdiction to consider the application for a second refund. The order denying said second refund was null and void and the attempted appeal therefrom to the Superior Court conferred no jurisdiction upon said court and therefore the order of the Superior Court directing the commission to deduct the federal income taxes upon an accrual basis instead of upon a cash basis was wholly null and void.

In the light of the conclusions hereinabove reached we do not deem it necessary to consider the other questions raised.

352

The order and judgment of the trial court is reversed and the cause remanded with directions to dismiss the complaint.

UDALL and STANFORD, JJ., and CROAFF and FARLEY, Superior Judges, concur.

LaPRADE, C. J., being ill, and DeCONCINI, J., having disqualified himself, the Honorable THOMAS J. CROAFF, Judge of the Superior Court of Maricopa County, and the Honorable GORDON FARLEY, Judge of the Superior Court of Santa Cruz County, were called to sit in their stead.