In the Matter of CITY OF NEW YORK, Petitioner, against FREDERICK W. LOOMIS et al., as Commissioners of Appraisal, et al., Respondents.

Supreme Court, Special Term, Delaware County, November 24, 1950.

*John P. McGrath, Corporation Counsel (Robert E. Hugh* and *Francis T. Murray* of counsel), for petitioner.

*Herman E. Gottfried* for Crawford Brothers, Inc., respondent.

*Frederick W. Loomis* and others, respondents in person.

McAvoy, J. This is a proceeding pursuant to article 78 of the Civil Practice Act for an order in the nature of prohibition, restraining the respondent Commissioners of Appraisal from hearing and making a determination on a claim filed with said commissioners on July 20, 1950, by respondents Crawford Brothers, Inc. (hereinafter called claimant).

The claim is for a business loss alleged to have been sustained as a result of the acquisition of certain lands, through condemnation, by petitioner (hereinafter called the City), for the development of its water supply.

The City contends that any such claim at this time is premature, because the City's plans call for the acquisition of additional lands in the same area, and the removal of its occupants. That consequently, the extent of the damage cannot be ascertained until the completion of the entire project, and if the commissioners proceed to hear and determine the claim now, it would result in a piecemeal award of damages and a burdensome and expensive multiplicity of litigation.

In effect, the City's argument is that such procedure is improper, because it would be permitting the splitting of the claim or cause of action.

The facts are as follows:

The City, pursuant to legislation known as title K of chapter 41 of the Administrative Code of the City of New York, has acquired, through condemnation, certain lands in Delaware County for the development of its water supply. Its plans call for the acquisition of additional lands, which will eventually extend a distance of twenty-five miles from Downsville, in said county, to Margaretville.

A dam is to be constructed at Downsville, which will form a reservoir covering substantially the entire valley between these two hamlets.

The City has subdivided this entire area into sections known on a map prepared by it as Delaware Sections 14, 15, 16, 17, 18, 19 and 20. Sections 14 and 15 were acquired by the City in October of 1947. Sections 16 and 17 were recently acquired by the City, in September of 1950. Sections 18, 19 and 20 will be acquired at some future time.

The City has completed the removal of the occupants of the properties from Sections 14 and 15, which covers the area between Downsville and Pepacton, a distance of about six miles.

The claimant operates a feed business at Walton, New York. which is outside of, but in the vicinity of the lands alread, acquired and to be acquired by the City. Its present claim is based upon the alleged loss of business suffered by reason of the removal of these occupants from the area embraced within Sections 14 and 15.

The occupants of Sections 15 and 16, title to which has been recently obtained by the City, have not as yet been removed. When this will be accomplished and just when title to the remaining sections will be acquired, the occupants removed and the entire project completed, is a matter of conjecture. It is argued by the claimant that it will be a matter of several years.

Section K41-44.0 of the Administrative Code above referred to, provides in part as follows: " The owner of * * * any established business, directly or indirectly decreased in value by reason of the execution of any plans for or by the acquisition of land by the city * * * shall have a right to damages for such decrease in value, from the time of the beginning of such decrease in value ".

A consideration of this same provision of the code was before the Appellate Division in this department, in *Rockland Light & Power Co.* v. *City of New York* (263 App. Div. 284).

There, the plaintiff sought and was denied the right to file a claim for damages for the alleged diminished value of lands

and an established business on a river below a dam in the process of construction by the City.

The City's position was that, as the water had not as yet been diverted, the damage, if any, had not accrued and was not ascertainable, and that therefore, the filing of a claim would be unfair to the City.

The court, at page 286, stated as follows in this regard: '' I am not impressed by the theory that this will be unfair to the city. When and if the city actually diverts the water, plaintiff's full damages will have accrued, and if recovered fractionally, the whole is but the sum of the several parts, and damages presently recoverable on account of reduced value will be deductible from the total damage suffered by plaintiff.''

In the present case, the position of the claimant is even stronger, because damage, if any, is confined to a certain well-defined area and has wholly accrued and is ascertainable, as to that area.

It is elementary that an entire and inseparable cause of action, whether the claim be on contract or in tort, must be prosecuted in a single suit. It cannot be torn asunder and two or more actions brought thereon. (*Union Trust Co. of Rochester* v. *Kaplan,* 249 App. Div. 280, 282.)

In the present case, had the project been completed and if claimant was now attempting to file a claim for business loss, pertaining solely to the area embraced within Sections 14 and 15, the City would have a valid objection to such procedure under the rule just quoted.

Here, because the damage to claimant may be continuous over a period of years, it is contended by the City that there can be no redress until the damage is complete. In other words, the City's position is, in substance, that there can be but one claim for the entire damage under the act.

Such a position might be reasonable, if there was going to be an overlapping or duplication of recovery on successive claims. That is not so here. There can be no further recovery for loss of business embraced within the area covered by Sections 14 and 15. In fact, at the present time, the claimant has no further claim for damages, because the occupants of the lands embraced within Sections 16 and 17 recently acquired by the City, have not been removed.

The rule against splitting of causes of action has no application, unless the claims are single, entire and indivisible. (*Kennedy* v. *City of New York,* 196 N. Y. 19.)

The rule against splitting of claims or causes of action was intended to prevent vexatious and oppressive litigations. Embraced in the rule is the "assumption that a plaintiff who has split his causes of action, has acted inequitably, knowing that he was causing unnecessary vexation to the defendant, or at least careless whether or not he causes such vexation." (*White* v. *Adler,* 289 N. Y. 34, 42.)

The courts of other jurisdictions have noted that a rigid application of the rule against splitting of causes of action, at times would produce injustice. It has even been said that "exceptions should be recognized ' as the evident justice of the particular case requires.' " (*White* v. *Adler, supra,* p. 43.)

It is our opinion that the evident justice of the present case requires that the claimant be allowed to present and have determined, its present claim for damages. Otherwise, if it were required to wait a number of years until the entire project is complete, it is not inconceivable that it might be forced out of business, and placed in such a position, due to the unavailability of witnesses, etc., that it would be difficult, if not impossible, to prove its claim.

The hardship and injustice, which would result to claimant if forced to wait several years to present a claim for and recover its damages, far outweigh, in our opinion, any inconvenience or annoyance that might result to the city by the presentation of three or four separate claims for the entire damage.

For the foregoing reasons, the petitioner's application for an order restraining the respondent Commissioners of Appraisal from continuing to assume jurisdiction of the claim in question, is denied, and the terms of the commissioners extended for the period of time equivalent to the length of stay granted herein.

Submit order in accordance herewith.