245 P.2d 947

MOORE et al. v. O. S. STAPLEY CO. et al.
No. 5571.

Supreme Court of Arizona.
June 23, 1952.

Norman S. Hull, Phoenix, Robert L. Pierce, Herbert A. Waterman, San Francisco, Cal., for Southern Pacific Co.

Ryley, Carlock & Ralston, Phoenix. amicus curiae.

STANFORD, Justice.

This appeal arises from separate income tax assessments by the State Tax Commission, hereinafter referred to as the commission, upon two different taxpayers. The O. S. Stapley Company, a corporation, and Arizona Fertilizers, Inc., a corporation, hereinafter referred to as taxpayers or Stapley and Fertilizers respectively. Each assessment raised the same basic question and each taxpayer was represented by the same counsel. Upon stipulation of counsel for both taxpayers and the commission, the two appeals to the superior court from the adverse rulings of the commission were ordered consolidated and filed as one case. The commission now appeals, and Stapley and Fertilizers cross-appeal, from the order and judgment of the superior court.

Both taxpayers, Stapley and Fertilizers, were organized as corporations prior to the year in which the "Income Tax Act of 1933" was adopted by the Legislature of the State of Arizona. Laws 1933, ch. 39. Taxpayers' books of account have at all times been accurately kept on an accrual basis and their income tax returns to the State of Arizona have in every year since 1933 been based upon the accrual method of accounting. Each taxpayer is engaged

Fred O. Wilson, Atty. Gen. and Richard C. Briney, Asst. Atty. Gen., for appellants.

Jennings, Strouss, Salmon & Trask, of Phoenix, for appellees and cross-appellants.

in the production and/or purchase and sale of merchandise which constitutes its sole income-producing factor. At the end of the taxable year taxpayers' books of account reflect large inventories and accounts receivable.

Stapley's fiscal year runs from October 1 to September 30. On January 30, 1951, the commission gave notice to Stapley of the correction of assessment of income taxes for the fiscal year ending September 30, 1948. The assessment was corrected by disallowing federal income taxes accruing during that fiscal year in the amount of $269,594.37. On this basis the commission levied an additional assessment against Stapley in the amount of $15,202.83 including interest. Stapley actually paid $206,836.50 federal income tax during the 1947–48 fiscal year. No deduction was allowed Stapley on its state return for this cash payment of federal income tax as that amount had been allowed as a deduction in the preceding fiscal year on the accrual basis. Stapley protested the additional assessment and a hearing was held before the commission which resulted in a sustaining of the additional assessment.

Fertilizers' fiscal year runs from July 1 through the following June 30. On November 3, 1949, notices of correction and additional assessments for the fiscal years ending June 30, 1947, June 30, 1948, and June 30, 1949, respectively, were given to Fertilizers. The assessments were corrected by disallowing federal income taxes accruing during the 1946–47 fiscal year in the amount of $41,558.06. Also disallowed for that fiscal year was an item concerning bad debts with which we are not here concerned. The commission levied an additional assessment of $2,470.95 including interest. Fertilizers actually paid federal income taxes in the amount of $57,675.61 during the 1946–47 fiscal year. No deduction was allowed Fertilizers on its state return for this cash payment of federal income taxes as that same amount had been allowed as a deduction the preceding year on the accrual basis. Similar corrections and assessments were made for the 1947–48 and 1948–49 fiscal years except that the commission allowed as deductions the amount of federal income taxes actually paid during those years. Fertilizers duly protested the additional assessments and a hearing was held before the commission which resulted in an affirmance of the assessments.

On appeal to the superior court, it was held the commission's action in disallowing the deductions for federal income taxes actually paid during the years in question was illegal and ordered the commission to allow the deductions. The commission now appeals from the order of the superior court directing it to allow the deductions for the federal income tax payments actually made and Stapley and Fertilizers cross-appeal from the implied holding that the commission should not allow as deductions the federal income taxes accruing during the fiscal years in question.

The commission contends that if the lower court's order is affirmed, Stapley and Fertilizers will, in effect, be granted an extra or double deduction to which they are not entitled. Stapley and Fertilizers contend, in their cross-appeal, that the lower court erred in not ordering the commission to allow them credit for federal income taxes accrued during the years in question as they were, as a matter of law, entitled to such credit.

Section 73-1510, A.C.A.1939, provides in part:

"Every taxpayer, in reporting income for purposes of taxation, shall be entitled to the following deductions:

\*    \*    \*    \*    \*    \*

"(e) Taxes other than special improvement taxes (and in the case of persons other than corporations, inheritance taxes) paid during the year upon the business or property from which the income tax is derived, including taxes imposed by the state of Arizona and the United States government; provided, that income taxes imposed by the state of Arizona shall, for the purposes of this subsection, accrue only in the year in which such taxes are assessed; and provided, further, that *allowable deduction for federal income taxes shall be limited to taxes paid on net income taxable under this act.*" (Italics ours.)

The above-quoted code section makes federal income taxes an allowable deduction in computing the state income tax return. Section 73-1505, A.C.A.1939, provides:

"The state tax commission shall administer and enforce the provisions of this act.

"(a) The commission may from time to time make such rules and regulations, *not inconsistent with this act,* as it may deem necessary." (Italics ours.)

The commission, under the authority granted in Section 73-1505, supra, adopted Art. 528 and Art. 606 concerning the deduction of federal income taxes which we shall quote insofar as applicable:

"Art. 528. *Federal Income and Excess Profits Taxes.* Federal income and profits taxes paid on income subject to tax under the Arizona income tax law *are deductible in the year in which actually paid in cash.* Refunds of federal income and profits taxes represent taxable income to be reported in accordance with Article 432." (Italics ours.)

"Art. 606. *Segregated or Separate Accounting Method.* \* \* \* Federal income taxes are based upon income and should, therefore, be allocated to Arizona business on the basis of income. *Federal income taxes are deductible only on the cash basis* and the allocation to Arizona business for any year, therefore, must be based upon the ratio of income within Arizona to

the total income for the year for which the federal income taxes are assessed, even though that ratio differs from the ratio of the year in which the taxes are actually paid." (Italics ours.)

It is apparent that if the above-quoted regulations, standing alone, are to be strictly enforced as to every taxpayer that federal income taxes *must* be deducted on the cash basis in the year in which actually paid in cash. Taxpayers, however, contend Art. 528 and Art. 606 are in conflict with Articles 1103 and 1104, which concern suggested methods of accounting. Article 1103 reads as follows:

"Art. 1103. *Cash Method of Accounting.—The use of the cash method of accounting and reporting is not considered as properly reflecting taxable income in cases where, at the end of the taxable year, the records reflect accounts receivable, accounts payable, or inventories.* The following incomes may be ordinarily reported on the basis of cash receipts and disbursements: Salaries, wages, commissions, fees, rents, interest, dividends, and royalties, received by individuals and by firms or corporations rendering personal service." (Italics ours.)

Thus it is seen that the commission does not favor the cash method of accounting by concerns such as Stapley and Fertilizers which have large accounts receivable, accounts payable, and inventories at the close

of each fiscal year. Article 1104 reads as follows:

"Art. 1104. *Accrual Method of Accounting.* In all cases in which the production, purchase, or sale of merchandise of any kind is an income producing factor, inventories are necessary, and *no accounting method in regard to purchases and sales will correctly reflect the income except the accrual method.*

"Ordinarily, approved standard methods of accounting will be considered as clearly reflecting the income *if all items of gross income and all deductions are treated with reasonable consistency.* Special methods of accounting, employed in special trades or business, may with the approval of the tax commission be used in reporting income." (Italics ours.)

Article 1104 recognizes the accrual method of accounting as the better method to be employed by concerns of the nature of Stapley and Fertilizers. It further recognizes that all deductions should be treated with reasonable consistency. Taxpayers claim that Articles 528 and 606 are inconsistent as they state that federal income taxes should be deducted on the cash basis, even though taxpayers' books are kept on the accrual basis. Taxpayers further contend that if federal income taxes are deducted on the cash basis the state return would not and could not reflect the true taxable income, as the true income would

be the net income less the federal income taxes accruing on that fiscal year's income. The commission argues that irrespective of the accounting method employed by taxpayers, federal income taxes must be deducted in the year in which actually paid. They argue that they are not attempting to force taxpayers to change their accounting methods but are merely enforcing a regulation, duly promulgated, which was in their power to enact. The commission cites the recent case of State v. Airesearch Mfg. Co., 68 Ariz. 342, 206 P.2d 562, 566, which held Article 528 to be a reasonable regulation within the power of the commission to adopt and that it must be complied with. We quote from the Airesearch case, supra:

"We believe this regulation (Art. 528) to be entirely within the power of the commission to promulgate, *if from its experience and observation, deductions of federal income taxes on an accrual basis did not clearly reflect the taxable income.* We can envision many circumstances where it would not do so and thus impose additional burdens on the commission especially in periods of great depression or of great prosperity where prices and costs of production cannot be even remotely approximated, and during the war when government contracts were negotiated and renegotiated with wholly unpredictable results.

"It is presumed that the commission had a valid reason for adopting the above regulation. *We therefore hold that regardless of how accounts are kept in the books of a taxpayer whether on a 'cash' or an 'accrual' basis, under the valid regulation of the commission, federal income taxes must be deducted on the basis of cash actually paid during the year."* (Italics ours.)

Taxpayers recognize the Airesearch case but contend that "the broad language of the Court in the Airesearch case stating that regardless of how accounts are kept, even when reflecting true taxable income, credit can be given for federal income taxes only in the year in which actually paid, was not necessary to a decision in that case; That the Court should now limit the principle announced in the case, namely, the application of Regulation 528 to cases where the method of accounting selected by the taxpayer will not otherwise properly measure the tax to be paid; That unless so limited, Regulation 528 overrides and nullifies specific statutory provisions of the income tax act and is irreconcilable with other pertinent regulations of the Commission." We are in accord with the taxpayers' view. A thorough study of the problem leads us to the inevitable conclusion that if Art. 528 were enforced and strictly adhered to in every instance, immeasurable damage could and would be the result. It will be noted that the commission did not make a finding, nor does it contend, that taxpayers' method

of deducting federal income taxes does not clearly reflect the taxable income. In fact, taxpayers' method of deducting federal income taxes is the only method which clearly reflects the true taxable income when accounts are kept on the accrual basis as the tax is deducted from the particular net income on which it is assessed. Section 73–1519, subsections (a) and (b), A.C.A. 1939, provide:

"(a) Persons who customarily estimate their incomes or profits on a basis of cash receipts and disbursements, or other method of accounting *which clearly reflects their* taxable income, may make their report of income in accordance with the method of accounting regularly employed by them; provided, that *if the method employed does not clearly reflect the taxable income the computation shall be made upon a basis and in such manner as in the opinion of the commission will clearly reflect such net income.*

"(b) 'Paid' or 'actually paid' are to be construed in the light of the method used in computing taxable income, whether on the accrual or receipt basis; provided that the deductions for federal income taxes shall be limited to taxes paid on net income taxable under this act." (Italics ours.)

The Airesearch case, supra, quoted the above-quoted provisions of our code and in reference thereto stated:

"* * * If the deduction of federal income tax is made on an accrual basis, then 'paid' or 'actually paid' means that the federal income taxes are deemed to have been 'paid' on the date of accrual as entered on the books of the company. Hence a taxpayer under the language of the law *and in the absence of regulation by the commission,* had the right to compute his taxes either upon a cash or an accrual basis as he deemed most convenient or appropriate. The statute plainly says that if he computes his taxes paid on an accrual basis he may compute his income taxes to the state on an accrual basis but he is not compelled to do so. The grant is merely permissive." (Italics ours.)

We are of the opinion that Art. 528, if strictly adhered to, is arbitrary and inconsistent with the spirit of the income tax act. Section 73–1519, subsection (a), A.C.A.1939, clearly states that a taxpayer *may* report his federal income taxes on the accrual basis *if that method clearly reflects the net taxable income.* In the absence of a finding by the commission, supported by competent and substantial evidence, that a taxpayer's return does not clearly reflect its net taxable income, the enforcement of Art. 528 would be in conflict with the standard set forth in the statute. This opinion does not overrule the Airesearch case, supra, but merely places a limitation on the application of Art. 528. We therefore hold

that the taxpayers in the instant case may continue to deduct their federal income taxes on the accrual basis as they have done since 1933.

The judgment of the superior court is reversed with directions to enter its order directing the commission to further correct its assessment against each of the taxpayers by permitting deduction of accrued federal income taxes for the years in question in accordance with the views herein expressed.

UDALL, C. J., and PHELPS, DE CONCINI and LA PRADE, JJ., concur.